**HARVEY COAL CORPORATION v.
UNITED STATES.**

**Nos. 42602, 43388.**

Court of Claims.

Dec. 2, 1940.

additional depreciation on certain assets other than the Hazard-Jellico assets; and (4) that it is entitled to a deduction of $2,738.23 in 1929 and $2,914.30 in 1930 on account of certain expenditures held by the Commissioner of Internal Revenue to have been capital expenditures.

The defendant says that this court has no jurisdiction of plaintiff's claim for additional depletion for 1925 because a claim therefor was not filed in time, and the plaintiff admits that this is true. We agree. The defendant also says that while the claim for 1929 was filed within two years after the payment of both of the deficiency assessments for this year, it was filed more than two years after payment of the original tax, and that the plaintiff is, therefore, not entitled to recover any part of the original tax. This is also admitted by the plaintiff, and we agree. The defendant admits that the plaintiff is entitled to the deductions of $2,738.23 in 1929 and $2,914.30 in 1930 treated by the Commissioner of Internal Revenue as capital expenditures, but it says that the depreciation allowed on these assets should now be restored to income. We think this is correct. This leaves for consideration plaintiff's claim for additional depletion for the years 1928, 1929, 1930, and 1931, and its claim for depreciation on its buildings, tipple, and furniture and fixtures and on the Hazard-Jellico assets.

The only controversy between the plaintiff and the defendant as to its claim for depletion is over whether or not there is any testimony in the record as to the value of the coal in place. The defendant says that the only testimony is as to the value of the leasehold and is not confined to the value of the coal in place. After a review of the testimony we conclude that this is erroneous. The testimony of some of the witnesses was specifically directed to the value of the coal in place, and we understand that all of them were testifying to this value, although the testimony of some of them is not as clear as it might be. It is not contradicted that this value was $250,000 and that the total amount of recoverable coal on the date in question was 4,824,835 tons. The plaintiff is, therefore entitled to a deduction of 5.18 cents per ton for each of the years 1928, 1929, 1930, and 1931.

The principal controversy between the parties over plaintiff's claim to depreciation of the Hazard-Jellico assets and to

George E. H. Goodner, of Washington, D. C. (D. F. Prince, of Washington, D. C., on the briefs), for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and GREEN, Judges.

WHITAKER, Judge.

In these two suits plaintiff seeks a judgment for taxes alleged to have been erroneously collected for the years 1925, 1926, 1928, 1929, 1930, and 1931. It alleges (1) that it is entitled to additional depletion for all of the years except 1926; (2) that in all these years it is entitled to depreciation on certain assets known as the Hazard-Jellico assets; (3) that for the years 1929, 1930, and 1931 it is entitled to

additional depreciation on buildings, tipple, and furniture and fixtures is over whether or not a decision of the Board of Tax Appeals in Harvey Coal Corp. v. Commissioner of Internal Revenue, 24 B. T. A. 793, is res judicata.

In the case before the Board, the Commissioner had asserted a deficiency against the plaintiff on account of its tax liability for the last two months of the year 1924, from which plaintiff appealed to the Board of Tax Appeals, first, on the ground that no depreciation had been allowed on certain assets known as the Hazard-Jellico assets; and, second, on the ground that the Commissioner should have allowed depreciation at the rate of 10 percent on its buildings, tipple, and furniture and fixtures, instead of at the rate of 5 percent. The Board found that the petitioner was entitled to a rate of 10 percent. It also held that the proper base for such an allowance on these assets was the cost of the assets to petitioner. Its decision on these questions is said to be binding upon us in this proceeding to recover taxes for later years.

The essential facts follow: The Harvey Coal Company was the lessee of what was known as the Harvey Mine in Perry County, Kentucky. Some years prior to 1924 it had executed a sublease on this mine to the Hazard-Jellico Coal Company. This company during its occupancy of the premises had erected certain buildings and improvements thereon. In 1924 it defaulted in the payment of rent due under the sublease, as a result of which receivership proceedings were instituted. After a vain attempt to sell the properties, the court ordered them returned to the Harvey Coal Company, upon that company's assumption of liabilities of the Hazard-Jellico Company in the amount of $52,086.16. This was done. Thereafter, the Harvey Coal Company, considering that it needed additional capital to operate the mine, caused the plaintiff, the Harvey Coal Corporation, to be organized, and transferred to it all of its assets in return for a portion of the plaintiff's capital stock and the assumption of liabilities of $52,086.16.

■ In arriving at the amount of depreciation to which the plaintiff was entitled for the last two months of 1924 it was necessary for the Board to ascertain the basis for that depreciation. To do this it was necessary for it to determine whether or not the transaction between the Harvey Coal Company and the Harvey Coal Corporation was a reorganization. The Board of Tax Appeals held that it was not a reorganization, that the plaintiff had acquired the assets in question in return for its stock, but that there was no proof of the value of the stock nor the value of the assets at the time it acquired them. This decision of the Board, it is contended, is res judicata on the question of the proper depreciation base. We think that it is.

The two proceedings, involving taxes for different years, are not the same (Tait v. Western Maryland Railway Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405), but the parties are the same and the question presented in this suit was before the Board; it was necessary for its decision; and it was decided by the Board. In such case, it is well settled that the Board's decision is res judicata in this proceeding. Tait v. Western Maryland Railway Co., supra.

■ It is also said the Board's decision on the rate of depreciation is res judicata. The Board found the assets had a useful life of ten years. This means, of course, if subjected to the use such as that to which they were put in the period in question. Obviously, if during the period now before us they were put to a more intensive use, the depreciation would be greater. But there is no proof before us that the use in one period differed from that in the other. In such case it is to be presumed that the degree of use was the same. The Board has determined that based on this use the life of the assets was ten years. We are bound in this proceeding by that determination.

The Board disallowed the plaintiff's claim for depreciation on the Hazard-Jellico assets for the last two months of 1924, because it said that there was no evidence before it as to the cost of these assets to petitioner, and it was not shown that the petitioner was in fact the owner of the assets. "In such a situation," said the Board, "we are precluded from allowing petitioner any deduction for depreciation upon such assets." This also is said to be res judicata, and to preclude the plaintiff in this proceeding from introducing evidence to show that it owned the assets and their cost.

■■ Had the Board determined in the prior proceeding plaintiff's base for depreciation, and were the causes of action before us the same as the one before the Board, this proposition would be correct. It is incumbent on plaintiff in a proceeding to ad-

vance all grounds and to introduce all evidence necessary to support its claim, and its failure to do so does not relieve it of the estoppel of the former judgment in a subsequent suit on the same cause of action. Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L. Ed. 1069; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; George H. Thompson v. Washington National Bank, 68 Wash. 42, 122 P. 606, 39 L. R.A.,N.S., 972, and note to this case. But where the causes of action are different, although the parties are the same, the former judgment is res judicata only as to questions presented and decided in the former proceeding; nor is the plaintiff precluded in the second action from furnishing additional evidence to support its demand, at least where the question presented has not been determined on account of the absence of necessary proof.

In Twin Cities Properties, Inc., v. United States, 90 Ct.Cl. 119, we had before us a suit for rent under a lease for the period from July 1, 1935, to December 31, 1938; and we had formerly had before us a suit for rent under the same lease for a prior period, for which we had given judgment. We held that the defendant was not precluded from raising defenses in the second suit which it had not raised in the first, since the causes of action were different, citing, among other cases, Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195, where this question is fully discussed.

In Tait v. Western Maryland Railway Co., supra, a tax suit involving amortization of discount on bonds, the court discussed the petitioner's suggestion that he was not bound by a former decision on the same question for a prior year, because "significant facts were stipulated in the present case which were not made to appear in the former proceeding." [289 U.S. 620, 53 S.Ct. 708, 77 L.Ed. 1405.] The Court found that the facts in the two proceedings were the same, but clearly indicated that had they been different, the former judgment would not have been res judicata. It said: "The petitioner may not escape the effect of the earlier judgment as an estoppel by showing an inadvertent or erroneous concession as to the materiality, bearing or significance of the facts, *provided,* as is the case here, *the facts and the questions presented on those facts were before the court when it rendered its judgment."* [Italics ours.]

■ Where the causes of action are the same, plaintiff on the second trial will not be permitted to introduce additional or even newly discovered evidence, because, this would be in effect a rehearing of a case already tried by a tribunal of concurrent jurisdiction. But where the causes of action are different, and the question presented has not been decided on account of a failure of proof, the plaintiff has not had its day in court and, therefore, may present any additional evidence it may find to support its claim.

■ It is evident from a reading of the opinion of the Board of Tax Appeals in this case that the plaintiff in introducing its proof proceeded upon the theory that the transaction between it and the Harvey Coal Company was a nontaxable reorganization, because proof seems to have been introduced as to the cost of these assets to its predecessor, the Harvey Coal Company, but no proof was introduced as to the cost of them to the plaintiff. The Board, however, held that the transaction was not a reorganization and, therefore, that the question was the cost of the assets to the plaintiff, and not their cost to its predecessor. The plaintiff, having taken a different view of the transaction, had introduced no such proof and, therefore, and for this reason only, its claim for depreciation was denied. It would be manifestly inequitable to hold that under such circumstances this would preclude it from introducing proof of such cost in a suit to recover taxes for later years.

We hold, accordingly, that the decision of the Board of Tax Appeals is not res judicata as to the cost of these assets to petitioner. Depreciation on them will be allowed based on a cost of $139,204.93 and a remaining useful life of fifteen years.

■ The defendant says that the plaintiff abandoned certain assets in 1925, 1926, and 1927, and that the depreciation subsequently allowed on these assets should now be restored to income. We think this is correct.

■ As stated above, the plaintiff acquired the assets of the Harvey Coal Company in return for its stock and the assumption of liabilities amounting to $52,086.16. The Commissioner pro rated this sum over the fifty-five months remaining of the Hazard-Jellico Coal Company lease and allowed plaintiff a deduction accordingly in each year. This was erroneous. Whatever amount has been deducted for

the years in question on account of the assumption of these liabilities of $52,086.16 will be restored to plaintiff's income for the proper year.

Entry of judgment will be delayed until the filing of a stipulation by the parties, or in the absence of a stipulation, until the incoming of a report by a commissioner as to the correct amound due plaintiff, if any, computed in accordance with this opinion. It is so ordered.