## HARVEY COAL CORPORATION v. UNITED STATES.

### Nos. 42602, 43388.

Court of Claims.

Dec. 2, 1942.

For former opinion, see 35 F.Supp. 756, 92 Ct.Cl. 186.

George E. H. Goodner, of Washington, D. C. (D. F. Prince, of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON and WHITAKER, Judges.

WHITAKER, Judge:

On December 2, 1940, the court filed special findings of fact with an opinion holding that plaintiff in the above entitled cases was entitled to recover, but suspended the entry of judgment until the filing of a stipulation by the parties, or, in the absence thereof, until the incoming of a report by a commissioner of the court as to the correct amount due plaintiff. 35 F.Supp. 756, 92 Ct.Cl. 186. No stipulation having been filed, the court, on its own motion, on June 24, 1942, referred the cases to a commissioner of the court, who on October 3, 1942, submitted his report showing certain amounts due plaintiff computed in accordance with the court's opinion. Exceptions were filed to that report by the plaintiff and by the defendant on the following grounds, among others: (1) Because the commissioner found, in accordance with the court's opinion, that the plaintiff was not entitled to recover any part of the original tax paid by plaintiff for the year 1929 because the same was barred by the statute of limitations; (2) because the commissioner found that the plaintiff was entitled to depletion computed upon the basis of a value to the lessee of $250,-000 for the coal in place.

The statement in the court's opinion that the original tax paid by plaintiff for 1929 was barred by the statute of limitations was an inadvertence. Findings 14 and 19 show that the original tax was paid on March 15, 1930, March 20, 1930, June 14, 1930, September 15, 1930, and December 15, 1930, and that the claim for refund was filed on February 8, 1932. Therefore, it was filed within two years from the dates of the payment of the original tax, and recovery of the original tax, therefore, is not barred by the statute of limitations, Revenue Act 1928, § 322(b), 45 Stat. 861, 26 U.S.C.A. Int.Rev.Acts, page 436.

It is plain from a reading of the opinion that in stating that the value of the coal in place was $250,000 the court had reference to the value to the plaintiff, and a reading of the testimony shows that the value testified to by the witnesses was the value to the plaintiff of the coal in place. Finding 7 of the court's special findings of fact, therefore, is supplemented by inserting the words "to the plaintiff" between the word "value" and the word "of" in the last sentence of that finding.

Judgment will be entered in accordance with the report of the commissioner as supplemented by this memorandum. It is so ordered.