Earl Lewis ABARR et al.

v.

The UNITED STATES.

Louis HAIMONWITZ et al.

v.

The UNITED STATES.

William Thomas PRENDABLE et al.

v.

The UNITED STATES.

Benjamin Franklin ABERCROMBIE et al.

v.

The UNITED STATES.

Lyle Holcomb ARMSTRONG et al.

v.

The UNITED STATES.

Nos. 40–56, 41–56, 42–56, 221–56, 249–56.

United States Court of Claims.

July 12, 1957.

Fred W. Shields, Washington, D. C., for plaintiffs. Thomas M. Gittings, Jr., Washington, D. C., was on the brief.

Kendall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

PER CURIAM.

The Government bases its motion to dismiss the plaintiffs' petitions in these five cases on the ground, that this court's decision in Hulse v. United States, 137 F.Supp. 745, 133 Ct.Cl. 848, certiorari denied 353 U.S. 916, 77 S.Ct. 663, 1 L.Ed.2d 663, denied recovery in a case involving the same kind of claim which these plaintiffs present.

The plaintiffs recognize that the Hulse decision is contrary to their claims, but point out that they were plaintiffs in prior suits in this court which also involved the same kind of claims, except that they were for periods prior to those covered by the instant suits; that in those earlier suits this court entered judgment for them on their claims. The plaintiffs say that on the ground of *res adjudicata or of collateral estoppel they* are entitled to judgments in these cases.

It is, of course, true, that ordinarily a judgment in a litigation requires

a similar judgment in a subsequent litigation between the same parties, involving the same question or questions, although for a different period of time. A striking instance is that of Moser. The amount of his retired pay depended upon whether his attendance at the Naval Academy should be counted as service, within the meaning of the retired pay statute. This court held that it should be so counted, and gave Moser a judgment. Moser v. U. S., 42 Ct.Cl. 86. Another officer, Jasper, sued on the same ground and this court, having had its attention called to another relevant statute, decided against him. Jasper v. United States, 43 Ct.Cl. 368. After the Jasper decision, administrative officers refused to continue to pay Moser in accordance with the decision in his case, and he sued and recovered judgment a second time, Moser v. U. S., 49 Ct.Cl. 285, and a third time, 58 Ct.Cl. 164, the court applying the doctrine of *res adjudicata*. The Supreme Court of the United States reviewed and affirmed the third judgment. United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262. In Moser, the Government urged that *res adjudicata* does not apply to unmixed questions of law. The Supreme Court held, however, that

"* * * a fact, question or right distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law." 266 U.S. 236, p. 242, 45 S.Ct. 67.

Unless, then, there is some reason which removes the instant cases from the scope of the general rule of *res adjudicata,* the plaintiffs are entitled to judgments.

The instant suits are for a 10 percent increase in pay for "good conduct" to which increase the plaintiffs claim to be entitled under certain statutes. In Sanders v. United States, 120 Ct.Cl. 501, this court held on January 9, 1951 that Sanders was entitled to good conduct pay. The prior suits of some of the instant plaintiffs were filed before the Sanders decision, and those of others were filed after that decision.

Counsel for the plaintiffs and for the Government were in doubt as to how the Supreme Court might decide the question of good conduct pay, when and if it would accept such a case for decision. They therefore in 1954 negotiated a stipulation for judgments in the then pending cases providing for amounts which were in fact five percent of their regular pay, instead of the statutory 10 percent. The court accepted the stipulation and entered the judgments. The judgments have of course been paid.

Next came the court's decision in Hulse in January, 1956. Upon reconsideration of the question, the court overruled the good conduct pay part of the decision of Sanders, and denied recovery. The plaintiffs filed the instant suits in 1956 after the decision in Hulse but before Hulse's petition for a writ of certiorari had been denied by the Supreme Court.

The stipulated judgments in the plaintiffs' earlier suits involved no reconsideration by the court of the question of statutory construction upon which the plaintiffs' rights depended. The court was aware of its decision in Sanders; was aware that the stipulated judgments gave the plaintiffs only one-half of the amount of good conduct pay which Sanders had received; and inferred that both parties were in doubt as to what would result from further litigation and therefore thought it prudent to compromise. If, instead of compromising, they had contested the cases, the court could not possibly have entered the judgments which it entered on the stipulation. The court would either have awarded the plaintiffs the 10 percent good conduct pay provided in the statute, or would have, upon reconsideration of the Sanders decision, overruled it as it later did in Hulse, and dismissed the plaintiffs' petitions.

The court's judgment based on the stipulation in the earlier cases was not a determination by the court of the

legal merits of the cases. It was requested by the parties because of their mutual doubts as to the legal merits, if they should contest those merits in this court or in the Supreme Court. No court having put its mind, or been asked to put its mind on the legal merits of the plaintiffs' earlier cases, the reason for the doctrines of *res adjudicata* and collateral estoppel are not present.

The Supreme Court of the United States in United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182, discussed the question which we have in the instant case, and held that a compromise judgment does not result in a *res adjudicata* or a collateral estoppel.

The plaintiffs' petition in these cases will be dismissed.

It is so ordered.