John J. AMSDEN et al.

v.

UNITED STATES.

Frank M. MONDEAU

v.

UNITED STATES.

No. 134–54.

United States Court of Claims.
July 15, 1959.

Fred W. Shields, Washington, D. C., for plaintiff. Thomas M. Gittings, Jr., and King & King, Washington, D. C., were on the briefs.

Cyril Moscow, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

The plaintiff, Mondeau, is plaintiff No. 19 in the above-entitled case. The word "plaintiff" as used hereinafter will apply only to him. He seeks to recover retired pay denied him by the erroneous application to him of section 212 of the Economy Act of 1932, as amended, 47 Stat. 406, 5 U.S.C.A. § 59a. That Act forbade the payment, at the same time, of civilian Government pay, and military service retired pay, to retired officers, to the extent that the sum of the two kinds of pay exceeded $3,000. The plaintiff is on the retired list of the Navy as a chief warrant officer, he having served actively in that grade under a temporary appointment in World War II. Section 212 of the Economy Act was not applicable to temporary chief warrant officers on the retired list of the Navy. Tato v. United States, 145 F.Supp. 932, 136 Ct.Cl. 651; Atkins v. United States, 141 Ct.Cl. 88, 158 F.Supp. 136.

From the foregoing, it would appear that the plaintiff would be entitled to recover. The Government, however, says that he is not so entitled, because of the effect of a prior suit and judgment. The plaintiff was one of the plaintiffs in the case of Mojica v. United States, No. 264–52 in which he sought increased retired pay, under the doctrine laid down by this court in Sanders v. United States, 120 Ct.Cl. 501, for a period which included a part of the period covered by this suit. That suit had no relation to section 212 of the Economy Act of 1932. It terminated in a judgment entered by the court on May 5, 1953, on a stipulation of the parties. That suit, filed in 1952, sought increased retired or retainer pay from the date of the plaintiff's release to inactive duty down to the day of judgment. In preparing the stipulation, the parties requested the Navy to furnish a certification of the amount of increased pay to which the plaintiff was entitled under the Sanders decision. The certification showed that the plaintiff had been released from active service on January 26, 1946; that he had taken a civilian position with the Federal Government on May 7, 1946, at a salary of $2,500 a year and could therefore receive only $500 a year in retired pay; that his civilian salary was increased to $2,600 on April 1, 1947, thereby reducing his retired pay to $400 a year; that his civilian salary was increased to more than $3,000 on July 1, 1948, thereby suspending completely his right to retired pay; that for such time as the plaintiff was entitled to receive retired pay, the increase to which he was entitled under the Sanders decision amounted in all to $359.27.

The plaintiff, acquiescing in the application to him of the Economy Act, which application, as we have seen, this court later held to be erroneous, stipulated for the entry of a judgment for him of $359.-27, and the court on May 5, 1953, rendered such a judgment, which was, presumably, paid to the plaintiff.

Another litigant, in Tanner v. United States, 125 F.Supp. 240, 129 Ct.Cl. 792, certiorari denied 350 U.S. 842, 76 S.Ct. 83, 100 L.Ed. 751, contested the application of section 212 of the Economy Act to retired Reserve officers. The Tanner litigation having called attention to the Economy Act problem, the plaintiff, on December 29, 1953, before the decision of the Tanner case, filed a "Motion to Reopen Judgment and Suspend Further Proceedings", in the plaintiff's case. Such a motion is authorized by our Rule 54(b), 28 U.S.C.A. The Government opposed the motion, and in answering the plaintiff's motion for reconsideration of the court's order denying the motion, wrote:

> "This is not the type of situation covered by the provisions of Rule 54(b). If plaintiffs feel that they have a valid claim of the type here asserted, they should file a petition asserting that claim, and bring it before the Court in the normal manner."

This court on February 3, 1954, denied the plaintiff's motion for reconsideration, whereupon the plaintiff promptly, on March 30, 1954, filed the instant suit. The Government, as we have seen, says that the plaintiff is foreclosed, as to the amounts otherwise due it under our decisions in Sanders, Tato and Atkins, supra, down to the date of the judgment in Mojica, by the judgment in that case.

In the Mojica case, the plaintiff sought all the additional pay to which he was entitled under the Sanders doctrine, down to the date of the judgment. If, because he was willing to compromise his claim, or because of oversight of an element of his claim, he stipulated for a judgment for an amount less than he was legally entitled to, his claim would nevertheless be merged in the judgment, and the doctrine of *res judicata* would normally be applicable. In the instant circumstances, this result is offensive to our sense of justice. The litigation leading to the judgment did not raise the question of the Economy Act. The minds of

the plaintiffs and their counsel were fixed on the recent and important doctrine of the Sanders decision. When the Tanner litigation called attention to possible inapplicability of the Economy Act, the plaintiff sought, within the time specified in our Rule 54, to reopen the judgment. As the court sees the problem now, it should have granted the plaintiff's motion. It is not possible after several years to remember what effect the Government's argument, quoted above, may have had on the court's thinking. The plaintiff could hardly have been expected to warn the court that, unless the judgment was reopened, it would be *res judicata* and would foreclose a separate suit. That would have meant that, if the motion was denied, and a separate suit filed, the Government could use the plaintiff's own argument to defeat him.

In all the circumstances, considering the part which the error of the court, probably induced to a considerable extent by the argument of the Government, played in creating the present situation, we are not willing to permit a strict application of the doctrine of *res judicata* to prevent us from reaching a conclusion which is consonant with our sense of justice.

The defendant's motion for a summary judgment is denied. The plaintiff's similar motion is granted, as to the question of liability, and judgment will be entered for the plaintiff, Frank M. Mondeau (19). The amount of the judgment will be determined in further proceedings pursuant to Rule 38(c).

It is so ordered.

LARAMORE and WHITAKER, Judges, concur.

JONES, Chief Judge (dissenting).

I am of the opinion that the court correctly denied plaintiff's motion under Rule 54(b) requesting relief from the final judgment entered in Mojica v. United States, No. 264–52, and that under the doctrine of *res judicata* plaintiff is foreclosed as to amounts otherwise due him under our decisions in Tato and Atkins down to the date of judgment in Mojica.

Rule 54(b) of this court is substantially similar to Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In applying Rule 60(b), F.R.Civ.P., "it appears to be the settled rule that a change in the judicial view of the applicable law, after a final judgment, is not a basis for vacating [under Rule 60(b), F.R.C.P.] a judgment entered before announcement of the change." Berryhill v. United States, 6 Cir., 1952, 199 F.2d 217, 219.

> "A change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies * * relief [under Rule 60(b), F.R.C.P.]. * * * Litigation must end some time, and the fact that a court may have made a mistake in the law when entering judgment, or that there may have been a judicial change in the court's view of the law after its entry, does not justify setting it aside." Collins v. City of Wichita, 10 Cir., 1958, 254 F.2d 837, 839.

The plaintiff in the case at bar sought relief from a final judgment of this court under Rule 54(b) on the mere expectation of a subsequent reversal by this court of a ruling of the General Accounting Office. The correctness of that ruling was not challenged by the plaintiff when his case was before us on the merits.

Under my view of the case the Government, in opposing the plaintiff's motion to reopening the judgment, was correct in its statement that "This is not the type of situation covered by the provisions of Rule 54(b)." It is therefore apparent that the Government's gratuitous advice, in opposing the motion, that "If plaintiffs feel that they have a valid claim of the type here asserted, they should file a petition asserting that claim, and bring it before the court in the normal manner," should not have affected the court's decision in denying the plaintiff relief under Rule 54(b).