LittletoN, Judge (Ret.),
dissenting in part:
I think that plaintiff is entitled to recover his retired pay for the entire period covered by his claim. Our decision in Amsden (case of Mondeau) v. United States, 146 Ct. Cl. 809, compels the conclusion that no portion of plaintiff’s claim is barred by res judicata.
*481 The prior judgment on which defendant relies for its assertion of res judicata was based on a stipulation that plaintiff was entitled to increased retired pay, under Sanders v. United States, 120 Ct. Cl. 501. No claim had been or was made for the retired pay withheld under the Economy Act of 1932,47 Stat. 406, which is the amount for which plaintiff is now suing. As we said in the Mondeau case, supra, p. 812:
The litigation leading to the judgment did not raise the question of the Economy Act. The minds of the plaintiffs and their counsel were fixed on the recent and important doctrine of the Sanders decision.
It is true that in that case the plaintiff had tried to get the prior judgment reopened and the court had refused to do so, and the court said:
In all the circumstances, considering the part which the error of the court, probably induced to a considerable extent by the argument of the Government, played in creating the present situation, we are not willing to permit a strict application of the doctrine of res judicata, to prevent us from reaching a conclusion which is consonant with our sense of justice.
The same circumstances are present in this case, including the role of this court’s error. Plaintiff filed this suit on March 30,1954, shortly after this court had denied Mondeau’s motion for reconsideration on February 3, 1954. Confronted wth the refusal of the court to reopen its decision in Mondeau’s case, for this plaintiff to have asked the court to reopen his case would have been a useless act and a waste of this court’s time. Equity, and the application of equitable considerations, do not require the doing of useless acts, nor the wasting of the time of the courts.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on March 24,1961, that judgment for plaintiff James B. McCarthy (17) be entered for $3,602.14.