Robert **CLARK** et al.

v.

**UNITED STATES.**

No. 45–55.

United States Court of Claims.

June 8, 1960.

As Amended June 29, 1960, Nov. 2, 1960.‡

‡ In response to defendant's motion for reconsideration and clarification of this opinion, an order was entered by the court on November 2, 1960. The text of the opinion as it appears here reflects the amendments made by the order. Judge MADDEN noted a dissent with respect to this order, post, p. 447.

Fred W. Shields, Washington, D. C., for plaintiffs, Thomas M. Gittings, Jr., and King & King, Washington, D. C., on the brief.

Cyril Moscow, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., for defendant.

WHITAKER, Judge.

This case is before us on cross-motions for summary judgment.

Plaintiffs were enlisted men or warrant officers in the United States Navy when they received temporary appointments as warrant officers, under the authority of the Act of July 24, 1941 (55 Stat. 603).* They served satisfactorily in this grade, and they were thereafter temporarily promoted to commissioned officers, again under the authority of the Act of July 24, 1941, supra. Upon the expiration of these temporary appointments, they reverted to their enlisted or warrant officer status, and upon completion of thirty years' service they were retired as enlisted men or warrant officers and were immediately advanced on the retired list to commissioned officer rank.

After retirement, they accepted civilian positions with the United States Government, the salary of which, plus retired pay, exceeded $3,000. Section 212 of the Economy Act of 1932 (47 Stat. 406) 5 U.S.C.A. § 59a, prohibited the receipt of retired pay by the amount that the civilian salary and retired pay exceeded $3,000. Accordingly, plaintiff, Robert Clark, elected to revert to his enlisted status, as he was permitted to do under the provisions of the Act of June 19, 1948 (62 Stat. 505). Since that time he has received retired pay of an enlisted man. In an amended petition filed on September 11, 1958, he asks for the difference in pay of an enlisted man and that of a warrant officer. The other plaintiffs did not elect to revert to their former enlisted or warrant officer status.

Section 3 of the Act of June 19, 1948, supra,** provides:

* Now 10 U.S.C.A. § 5597.

** Now 10 U.S.C.A. § 6151.

"Enlisted men and warrant officers heretofore or hereafter advanced to commissioned rank or grade on the retired list under the said Act of July 24, 1941, as amended, shall, if application therefor is made to the Secretary of the Navy within three months from the date of approval of this Act or within three months after the date of advancement to commissioned rank or grade on the retired list, whichever is the later, and subject to the approval of the Secretary of the Navy, be restored to their former retired enlisted or warrant officer status, as the case may be, and shall thereafter be deemed to be enlisted or warrant officer personnel, as appropriate, for all purposes.

Ten days after the approval of this Act the Chief of the Bureau of Supplies and Accounts, The Chief of Naval Personnel, wrote to "all ships and stations" notifying them of the passage of this Act and of the options open to them thereunder. He said they could either retain their commissioned rank on the retired list and forfeit retired pay, so long as they held civilian positions paying a salary of $3,000 or over, or they could revert to their permanent enlisted rating or warrant officer rank and draw full retired pay of that rating or rank. They were further advised that, if they reverted to their former permanent rating or rank, they did so for all purposes and, if recalled to active duty, they would be recalled in that rating or rank. Forms for making the election were enclosed.

Since the rank of warrant officer, to which some of the enlisted men were first promoted, was a temporary rank, such plaintiffs were denied the retired pay of that rank by the construction of the Act which required them to revert to their permanent enlisted rating. They say they should have been given the election to revert to that rank, and would have so elected had they been permitted to do so, as they now elect, and, therefore, they say they are entitled to the retired pay of that rank.

As stated, plaintiff, Robert Clark, elected to return to his status as an enlisted man on the retired list. He had been retired as an enlisted man, and then advanced on the retired list to a commissioned officer. He also says he would have elected to revert to warrant officer status had he been permitted to do so.

█ A literal reading of section 3 of the Act of June 19, 1948, supra, only permitted plaintiffs to elect to revert to their former enlisted status—they had never held the status of warrant officers on the retired list. We are, however, of the opinion that it was the intention of Congress to give an enlisted man, promoted first to warrant officer, and then to commissioned officer, the highest rank on the retired list in which he had served satisfactorily, and in which he would receive the highest retired pay which he could receive without coming within the terms of the Economy Act.

Had plaintiffs been promoted to warrant officers, and had they continued to serve in that grade until they reverted to their former enlisted status, they would have been entitled, upon their retirement, to be advanced on the retired list to warrant officers; but their services as warrant officers were so satisfactory that they were still further advanced in rank to that of commissioned officers. Could Congress have intended that a man, whose services as a warrant officer were sufficiently satisfactory to be advanced to a commissioned officer, should receive less retired pay than one whose services as a warrant officer were not sufficiently satisfactory to warrant his advancement to a commissioned grade?

The Act of July 24, 1941, supra, as amended by the Act of February 21, 1946 (60 Stat. 26, 28),† permitted advancement to the highest temporary grade on the retired list in which they had served satisfactorily. There is nothing in the Act of June 19, 1948, supra, to indicate that Congress had any other intention. The sole purpose of that Act was to relieve enlisted men who had been promoted to commissioned officers of the onus of the Economy Act. If that Act be construed to deprive them of the benefit of their advancement to warrant officer,

† Now 10 U.S.C.A. § 5597.

it defeats the purpose of the Act of July 24, 1941, as amended. We do not think it was intended to do so. We do not think the 1948 Act intended to take away the right of an enlisted man, who had been temporarily promoted to warrant officer and who had served satisfactorily in that grade, to be advanced to that grade on the retired list. His subsequent promotion to commissioned officer certainly was not intended to deprive him of that right.

■ Since the Navy erroneously advised plaintiff Clark as to his right of election under the Act of June 19, 1948, he is not bound by his former action. Atkins v. United States, 158 F.Supp. 136, 141 Ct.Cl. 88.

However, we are of the opinion that the former judgment in plaintiff Clark's favor in Peter Adams et al. v. United States, Ct.Cl. No. 50204, estops him from asserting his present claim for the period covered by that judgment.[1] Plaintiffs in all those cases sued for increased retired pay. In those suits it was obligatory for them to advance every reason they ever wished to advance to support their claim for retired pay. They could not advance one reason in that suit, and later bring another suit alleging they were entitled to even greater retired pay, for a reason they failed to advance in the former suit. They cannot split their causes of action. United States v. California & Oregon Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 48 L.Ed. 476. The rule of res judicata not only bars further litigation of questions actually decided in the former suit, but also those that could have been advanced to support the claim made. In the former suits they should have alleged they were entitled to increased retired pay, not only for the reason there advanced, but for the additional reason they now allege. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; City of New Orleans v. Citizens' Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202; Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371,

60 S.Ct. 317, 84 L.Ed. 329; Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Harvey Coal Corp. v. United States, 35 F.Supp. 756, 92 Ct.Cl. 186; cf. Maher et al. v. United States, Ct.Cl., 172 F.Supp. 689; sections 47 and 67, Restatement of the Law of Judgments.

■ The judgment for Clark in the former case was for the period prior to June 30, 1952. For periods subsequent thereto defendant admits, by implication, that *res judicata* or estoppel by judgment does not apply. We agree, because the Peter Adams case, in which Clark was a plaintiff, was not litigated, judgment having been entered on a stipulation, compromising to some extent the issues raised. A judgment based on a compromise is not *res judicata* as to an action for a later period, although it is as to the period covered by it. See Abarr v. United States, 153 F.Supp. 387, 139 Ct.Cl. 748; United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182. Subsequent to June 30, 1952, Clark is entitled to judgment for the retired pay of a warrant officer.

What we have said here is not in conflict with Amsden et al. (Mondeau) v. United States, Ct.Cl., 175 F.Supp. 147. In that case plaintiff had sought to reopen the judgment, and the court had denied his motion. Because we thought this was erroneous and that the present suit should be treated as a proceeding pursuant to the reopening of the former judgment, we held that the doctrine of *res judicata* should not apply in the subsequent suit. Here, there was no motion to reopen the former judgment.

■■ Clark is also entitled to judgment under the Act of May 27, 1954 (68 Stat. 140), for the period from the date of his advancement to commissioned rank to the date he was restored to his former enlisted status.

Prior to this Act, an enlisted man or warrant officer restored to his enlisted or warrant officer rank avoided the effect of the Economy Act only from the date of his restoration. From the time he was advanced to commissioned rank to

---

[1]. Clark was No. 69 in Peter Adams, et al. v. United States, Ct.Cl. No. 50204. He was granted a judgment in the amount of $1,534.96 on January 13, 1953, which was paid on April 24, 1953.

the date of his restoration to his former enlisted or warrant officer rank, he was prohibited by the Economy Act from recovering any retired pay if he held a civilian job the compensation from which, together with his retired pay, amounted to more than $3,000. The purpose of the Act of May 27, 1954, was to give him retired pay for this period.

Since his petition was filed within six years of the passage of this Act, he is entitled to recover under it.

Plaintiffs William R. Giddens (3), Thomas B. Guynn (4), Fred C. Mauritson (7), Theodore A. Pullman (12), and William H. Roberts (13) did not apply for restoration to their former enlisted or warrant officer status, and in their petition they offer no explanation for their omission to do so. The Act specifically says that only those who make the application called for by the Act of June 19, 1948, are entitled to its benefits. The petition will be dismissed as to them.

The motions for summary judgment are denied in part and granted in part in accord with the foregoing. The amount of the recovery will be determined pursuant to Rule 38(c), 28 U.S. C.A.

It is so ordered.

JONES, Chief Judge, and LARAMORE, Judge, concur.

MADDEN, Judge, dissents from the entry of the order of November 2, 1960 (see footnote, *ante*, p. 444), as follows:

I do not agree to the substitution, made in the court's order dated November 2, 1960, in the last paragraph of the order, the paragraph relating to William R. Giddens and others. I think that the opinion of June 8, 1960,†† was correct in this regard. The Government, in its motion for reconsideration and clarification, does not ask for such a complete reversal of the court's position. It says, on page 5 of its brief:

"In this respect it would seem that the Court would at least require those plaintiffs who have not reverted to offer some proof, such as affidavits, that had they known they could have reverted to warrant officer they would have done so within three months of their advancement on the retired list or within three months of the date of approval of the Act of June 19, 1948, supra, whichever was the later."

I think it is quite unfair to forfeit the rights of these plaintiffs for failure to make an election which, as the opinion of the court shows, they never had an opportunity to make.

LITTLETON, Judge (Retired) (dissenting in part).

I disagree with the court's application of the doctrine of *res judicata* to plaintiffs Clark and Pullman. It is true, as the majority observes, that in their prior suits it was obligatory for them to advance every reason they ever wished to advance to support the claims presented in those suits. But the instant suit is not based on another reason for those claims; it is based on a separate claim.

In their prior suits, plaintiffs sought increased retired pay in their enlisted man status, under Sanders v. United States, 120 Ct.Cl. 501. In this suit, they seek the retired pay of warrant officer status, to which the majority agree that they are entitled. This is not merely another reason for what they sought in the prior case; they are now presenting a different claim. A decision rendered upon one claim is not *res judicata* as to a different claim. See also dissent in

---

†† Original opinion read:

Plaintiff Holland was a plaintiff in Abarr v. United States, Ct.Cl. No. 391–52. The compromise judgment granted him in that suit covered the period up to and including June 30, 1952. Pullman was plaintiff in Maar v. United States, Ct. Cl. No. 50223. The compromise judgment granted him covered the period to and including September 30, 1949.

The foregoing plaintiffs are not entitled to recover for the periods for which payment has been made, but are entitled to recover thereafter.

All the other plaintiffs in this action are entitled to recover for the entire period from the date each was denied the retired pay of a warrant officer until date of judgment, unless the denial of such retired pay antedates November 1, 1946, in which case they are entitled to judgment from said date of November 1, 1946, to date of judgment.

Amsden (case of McCarthy) v. United States, No. 134–54, this day decided.

Even if the majority is correct in saying that the same claims are involved, this suit is not barred by *res judicata* because the prior case was, as the majority says, based on a compromise of the issues there raised. Abarr v. United States, 153 F.Supp. 387, 139 Ct.Cl. 748, compels the conclusion that where a prior stipulated judgment is based on a compromise, and no court has put its mind, or been asked to put its mind, on the legal merits of the claims involved, the reasons for the doctrine of *res judicata* are not present and the doctrine should not be applied.