Military fay; retired fay. — Plaintiff Johnson sues to recover increased retired pay to which he claims he is entitled under sections 402(d) and 411 of the Career Compensation Act of 1949, 63 Stalt. 802. On January 18, 1965, the court by Order granted plaintiff’s motion for summary judgment with the amount of recovery reserved for further proceedings. On September 16, 1965, in a memorandum report the trial commissioner recommended that judgment be entered in favor of plaintiff for the period July 13, 1957, through March 31, 1965, in the sum of $1,905.29. Plaintiff filed a brief in opposition to the commissioner’s memorandum report for judgment asserting that recovery should be for the period July ly 1952, through March 31, 1965, in the sum of $2,977.62. Defendant contended that the period preceding July 13, 1957, was barred by the doctrine of res judicata. The case was submitted to the court without oral argument. Upon consideration of the parties’ contentions the court concluded that unlike the situation in Lyle H. Armstrong, et al. (Frank F. Halas, plaintiff No. 5) v. United States, 172 Ct. Cl. 675 (1965), defendant’s answer was filed after the decision in Abercrombie, et al. v. United States, 139 Ct. Cl. 748, 153 F. *1194 Supp. 387 (1957) and defendant must have known of the court’s decision in that case and of the availability of the defense of res judicata in the present case. The court concluded that by failing to raise the defense in its answer the defendant had waived it and that plaintiff is entitled to recover for the period from July 1,1952, through March 31, 1965, in the sum of $2,977.62 without prejudice to any claim of plaintiff for increased retired pay accruing after March 31, 1965. On December 10, 1965, judgment was entered for plaintiff in the above amount.