This case comes before the court on defendant’s motion to dismiss plaintiffs’ Exception No. 27 on the ground of res judicata. It is one of several related cases brought under the Indian Claims Commission Act of 1946, 60 Stat. 1049, docket Nos. 19,188,189-A, 189-B, 189-C, and 19 and 189-A consolidated. Defendant asserts that the claims raised in Exception No. 27 are foreclosed because they were or should have been raised and determined in previous proceedings brought before the Indian Claims Commission (Commission). Answering, plaintiffs oppose this motion.
Plaintiffs have, since the filing of this motion, moved for a consolidated oral argument in the instant motion and in defendant’s motion to dismiss Exception No. 14 filed in docket No. 188. Because, as we will show, the court is able to dispose of both motions to dismiss on the basis of the record alone, the motion for consolidated oral argument is denied. The court repeats its admonition to the parties to get on with this litigation; it has been some 30 odd years since these cases were filed.
By Exception No. 27, plaintiffs call on defendant to account for the purchase price the United States agreed to pay for the land ceded under the Treaty of October 2, 1863, 13 Stat. 667, as modified by the Treaty of April 12, 1864, 13 Stat. 689. Plaintiffs state that Exception No. 27 corresponds *817 to Exception No. 14 for the Minnesota Chippewa Tribe in Docket No. 188. In that exception, as here, plaintiffs seek to determine whether (a) the agreed consideration was in fact paid, (b) certain disbursements were properly chargeable as treaty disbursements, and (c) the disbursements actually made were made for the exclusive benefit of the Red Lake Band.
Defendant moves for dismissal of Exception No. 27 charging that claims raised by the exception were, or could have been adjudicated before the Commission in Red Lake, Pembina and White Earth Bands v. United States, 6 Ind. Cl. Comm. 247 (1958), 9 Ind. Cl. Comm. 315 (1961), 9 Ind. Cl. Comm. 457 (1961), (hereinafter referred to as No. 18-A). Defendant is remiss in citing to the court only the Commission decisions, for it appears that No. 18-A was subsequently appealed to this court. Thus, at least one of the decisions ostensibly to be given res judicata effect would be this court’s decision in Red Lake, Pembina and White Earth Bands v. United States, 164 Ct.Cl. 389 (1964).
In No. 18-A the Commission determined that the land known as Royce Area 445, over seven million acres in area, was ceded under the Treaty of October 2,1863,13 Stat. 667, to defendant for $609,480.36, while it had a fair market value of $3,369,726. 6 Ind. Cl. Comm, at 334. This consideration was so grossly inadequate as to constitute a violation of clause 3, section 2 of the Indian Claims Commission Act of 1946. Id. The Commission subsequently amended its finding regarding the consideration paid under the treaty of $609,480.36, increasing that figure to $635,774.87. 9 Ind. Cl. Comm, at 344. In a third opinion, the Commission ruled that the treaty date value of the consideration of $635,774.87 was $512,518.43 and that this latter figure represented allowable payments on the claim. 9 Ind. Cl. Comm. 457, 529 (1961). The Commission also determined that an additional $699,061.57 was to be deducted from plaintiffs’ award as allowable gratuitous offsets. 9 Ind. Cl. Comm, at 529. In an order dated June 18, 1962, the Commission struck the $512,518.43 figure and substituted the amount of $635,774.87. Thus the case as it came to this court stood as an appeal from an award and judgment of the Commission entered on June 18, 1962, which granted a net *818 award of $2,034,889.15 to the Red Lake and Pembina Bands of Indians after deducting prior payments of $635,774.87 and gratuity offsets in the amount of $699,061.57.
In the appeal, appellants therein, plaintiffs here, urged that the Commission erred in (1) denying their ownership to the full area described in the treaty of cession; (2) determining value at $.45 an acre for land ceded; (3) granting gratuity offsets against the final award without making explicit findings that the nature of the claim and the entire course of dealing between the United States and the claimants in good conscience warranted such action; (4) treating goods and services as gratuities without determining what portion of either were used by administrative personnel and what portion constituted payment for Indian labor; (5) in making the award run to the descendants of the members of Red Lake and Chippewa Bands as they existed at the time of the treaty rather than to the tribal entities.
This court affirmed the Commission on the question of title, Red Lake, supra, 164 Ct.Cl. at 394, value of land, Id. at 395, and offsets, Id. at 396-399. The Commission’s decision on the fifth issue was reversed and remanded with instructions that the award be divided, two-thirds to the Red Lake Band and one-third to the Pembina Band. Id. at 399. The Commission, pursuant to this court’s instructions, entered a final award on April 24, 1964, in the proportion of two-thirds for the Red Lake Band and one-third for the Pembina Band. 13 Ind. Cl. Comm. 294a (1964).
In No. 18-A, the claim that certain asserted treaty disbursements were not properly chargeable as treaty disbursements was actually litigated. 9 Ind. Cl. Comm. 339-344. In the same case the Commission had earlier concluded that defendant had paid plaintiffs $609,480.36 as consideration for lands ceded under the 1863 Treaty. 6 Ind. Cl. Comm, at 324. Finally, in the appeal of No. 18-A, this court affirmed the Commission determination that certain offset expenditures were made for the exclusive benefit of the claimants. Red Lake, supra, 164 Ct.Cl. at 396-97. Thus it appears that many of the questions raised by Exception No. 27 were actually litigated before the Commission whose determinations thereon were, with one exception, affirmed on appeal by this court.
*819 In order to compute and to direct the amounts representing the final award after the question of liability had been answered affirmatively, the Commission, of necessity, had to determine what amounts were actually paid as consideration under the treaty provisions, what amounts were properly chargeable as treaty disbursements, and to whom the final award would go. All of these items were properly addressed by the Commission although the decision with respect to whom the final award would go was ultimately reversed and remanded with instructions by this court. Thus, it is clear that many of the claims raised by Exception No. 27 were actually determined in No. 18-A and in Red Lake, supra.
This motion to dismiss brings into scrutiny the Commission’s practice of splitting off the claims for separate determination that could reach trial sooner than would a general accounting claim.
Following the passage of the Indian Claims Commission Act of August 13, 1946, all of the Chippewa Bands, including the Red Lake Band, joined in 1948 as plaintiffs in a single suit against the United States, docketed as No. 18, before the Commission. The complaint included a series of unconscionable treaty claims. To better manage its docket, the Commission required plaintiff bands to file subcom-plaints each setting out a single treaty revision claim based on clause 3, section 2 of the Act. The subcomplaints were assigned subdocket numbers ranging from 18-A through 18-U. The Red Lake Band’s subcomplaint relating to the 1863 and 1864 treaties was filed in 1949 and was designated No. 18-A.
In August of 1951, the Red Lake Band filed another suit, docketed as No. 189, presenting several claims including its general accounting claims. In December 1955 the Commission ordered that subcomplaints be filed in No. 189. In 1956 the band filed an amended complaint in No. 189 and three subcomplaints docketed as Nos. 189-A, 189-B, and 189-C. Number 189-C, the instant case, includes the 1863 treaty accounting claim that is the subject of defendant’s motion to dismiss.
There is no need to investigate the reasoning behind the adoption of the Commission’s practice. What is important *820 in the context of this case is that such a practice existed and is well known to the court. That the government was aware of the Commission’s split procedure is supported by the fact that it has never, in this case, raised the defense of res judicata while the case was pending before the Commission.
Given the foregoing facts, we do not believe that this is the proper case for the application of res judicata principles to portions of a single original claim, in order to cut off claims not actually litigated. To permit defendant to take advantage of an established Commission practice taking up the revision of treaty claims while the accounting cases were held in abeyance, would countenance an injustice which, regardless of the reasons for adopting the procedure, this court could not sanction. Amsden v. United States, 146 Ct.Cl. 809, 812 (1959). We are therefore unable to give such a res judicata effect to No. 18-A in this proceeding.
Defendant has argued that some protection should be given it with respect to issues raised by Exception No. 27 which were actually litigated in No. 18-A. We find that the doctrine of law of the case would serve defendant’s purpose and conserve judicial resources by precluding relitigation of issues already decided.
As we have described the procedural history of this case above, there is no question that the treaty claim found in No. 18-A was separated from the instant general accounting claim and other claims pursuant to a Commission order after all such claims had been presented in one original complaint. It therefore cannot be seriously argued that the claims raised and decided in No. 18-A were not part of the same case as is the instant general accounting action.
In United States v. Turtle Mountain Band of Chippewa Indians, 222 Ct.Cl. 1, 612 F.2d 517 (1979), we applied the doctrine of law of the case to this court’s affirmance on interlocutory appeal of a Commission determination. We explained the rule that " 'once affirmed on appeal, * * * an order loses its interlocutory character and becomes law of the case.’” 222 Ct.Cl. at 7, 612 F.2d at 520-21 (quoting United States ex rel Greenhalgh v. F.D. Rich Co., 520 F.2d 886, 889 (9th Cir. 1975) (other citations omitted). Here we have a final order of the Commission, affirmed in part and reversed in part with instructions. Subsequently, the Com *821 mission entered final judgment pursuant to this court’s instructions, which final judgment was not appealed. There is no question that law of the case effect can be given to the unappealed portions of the Commission’s original decisions, to our affirmance on appeal, and to the Commission’s unappealed final judgment. The Commission could split up cases either horizontally as in Turtle Mountain or vertically, as here. There is no reason why the consequences of a decision that came early in the series should be any different in the two situations.
Thus, the question that needs to be decided is what issues are precluded by the law of the case effect of No. 18-A. The Commission addressed and decided the question of whether the consideration to the petitioners under the treaty was unconscionable as actually paid. 6 Ind. Cl. Comm. 305, 322-24 (1958). Therefore, the question of whether the recited consideration was actually paid cannot be relitigated. Likewise, all questions relating to the validity of any offsets are foreclosed because the offsets were determined by the Commission and affirmed by this court. 164 Ct.Cl. at 396-99. Also included in the Commission decisions and thus precluded from relitigation is the question of whether disbursements made under the treaty was made for the exclusive benefit of the plaintiffs. The Commission’s resolution of this question was also affirmed by this court. 164 Ct.Cl. at 396-97.
Plaintiffs’ Exception No. 27 states in relevant part:
For failure to account with respect to the money and goods agreed to be paid and delivered by the United States under the Treaty of October 2,' 1863, * * * and the Treaty of April 12, 1864, * * * amendatory of the Treaty of 1863, both with the Red Lake Band. The report furnished with respect to these treaties sets out limited information concerning receipts and disbursements.
In Red Lake, supra, the court discussed what is essentially the crux of plaintiffs’ Exception No. 27. The court stated:
Appellants’ final contention in regard to the offset of goods and services is that no delivery of the allowed items was ever actually proven. We think that the available records offered by the Government were at least enough to shift any burden of proof to claimants. The available *822 records do indicate that the goods were received by the Indians in due course, and claimants must overcome that evidence before we could assume that the goods were never in fact delivered. 164 Ct.Cl. at 398.
It is apparent that the court’s resolution of the appellants’ claim, namely that the appellants had not been able to overcome the government’s proof that the appropriate parties had received the goods and services recited in the treaties, effectively bars plaintiffs here from relitigating their claim as it is described in Exception No. 27.
it is therefore ordered that defendant’s motion to dismiss plaintiffs’ Exception No. 27 is granted. Exception No. 27 is hereby dismissed. The motion for consolidated oral argument is also denied.
May 7, 1982