Co. v. State of Mississippi ex rel. Knox, 277 U.S. 218, 48 S.Ct. 451, 72 L.Ed. 857, the precedent upon which the Indian Motocycle decision was based, and held that, even in the application of the doctrine of immunity of the Federal Government from state taxation, the "incidence" of the tax and not the place where the economic burden of the tax ultimately rested was the important thing.

Section 3443 of the Internal Revenue Code, 26 U.S.C.A. § 3443, provides for the refunding, in proper cases, of the manufacturer's excise tax to the manufacturer, but only if he shows that he has not passed the tax on to a purchaser, or that he has repaid the tax to the purchaser or has the written consent of the purchaser to his (the manufacturer's) obtaining the refund. See also Treasury Regulations 46 (1940 ed.), Sec. 316.204, as renumbered by T.D. 5099, 1941–2 Cum.Bull. 267. Thus the statute makes careful provision that the manufacturer should not be unjustly enriched by obtaining a refund of a tax which he has passed on, but makes no provision for the obtaining of a refund by a purchaser who has borne the economic burden of the tax.

To permit purchasers, upon claims that they bore the economic burden of taxes imposed upon and paid by their vendors, to sue for refunds would, probably, multiply tax litigation. We, of course, do not know why the plaintiff's vendor, which had paid the tax and passed it on to the plaintiff, did not bring this suit for the benefit of the plaintiff and, perhaps, other of its customers. It may have thought that the claim had no merit. Whatever its reason, we think that, under the statutory provisions which we have recited, the plaintiff has no standing to sue.

The defendant's motion to dismiss the plaintiff's petition is granted. It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER, and LITTLETON, Judges, concur.

John Wright REGISTER

v.

The UNITED STATES.

No. 49972.

United States Court of Claims.
March 1, 1955.

Guy Emery, Washington, D. C., for plaintiff. Ansell & Ansell, Washington, D. C., were on the briefs.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff was appointed a lieutenant (junior grade) in the United States Naval Reserve on January 10, 1944, and was ordered to active duty on February 25, 1944. After some preliminary training he was assigned to the U. S. S. *Bosque*, a landing craft, and engaged in combat service on said vessel until he became disabled from the recurrence of an old ailment and was hospitalized.

Plaintiff sues (1) for active duty pay and allowances of an officer of the Regular Navy of his grade and length of service from the date he was relieved from active duty for physical disability on February 16, 1947, to the date of his discharge for physical disability on November 19, 1947; and (2) for retired pay after his discharge.

A retiring board found that plaintiff was permanently incapacitated for active service by reason of thromboangiitis, obliterans, but that his disability was not an incident of the service, although it had been aggravated by it. This was approved by the Chief of Naval Personnel, by the Retirement Advisory Board and finally by the President of the United States.

After final action plaintiff asked for a review by the Naval Retiring Review Board under section 302 of the Servicemen's Readjustment Act of 1944, 58 Stat. 287, as amended, 38 U.S.C.A. § 693i, but this was denied by the Chief of Naval Personnel on March 8, 1948.

Plaintiff's right to recovery is governed by section 417 of 34 U.S.C.A. as extended by section 4 of the Naval Aviation Personnel Act of August 27, 1940, 54 Stat. 864, 34 U.S.C.A. § 855c–1. Section 417 of 34 U.S.C.A., reads:

"When a retiring board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of the service, such officer shall, if said decision is approved by the President, be retired from active service with retired pay."

Section 4 of the Naval Aviation Personnel Act extends the benefits of section 417 to Reserve Officers called to active duty for more than 30 days.

The issue in the case is whether plaintiff's incapacity was "an incident of the service."

It seems to be agreed that plaintiff had the disease that incapacitated him before he entered the service. Various doctors diagnosed it as one thing or another, as set out in findings 3, 6 and 9, which need not be repeated here, but the essential fact is that before entering the service in 1944 he had suffered from some 70 of the same or similar attacks as those that permanently incapacitated him. Plaintiff's case rests on his claim that the aggravation of his ailment by his service brings his case within section 417 of 34 U.S.C.A. That it was aggravated is established by the finding of the retiring board, which found: "The Board is of opinion that

this officer's condition was aggravated by service."

Can it be said that an officer's incapacity for active service is an incident of the service, where his pre-existing condition was aggravated by his service?

We think that depends on the circumstances of each case. If a man had an ailment that had been arrested, but which recurred because of his service, and incapacitated him, we think it is correct to say that his incapacity was an incident of his service.

The facts of this case are, so far as the record discloses them: From 1932 to 1941 plaintiff had some 70 attacks of the disease that finally incapacitated him. He says the attacks would last three or four days, and he would then be all right again until another attack came on. So far as the record shows, this lasted until 1941. When he was examined for active duty on February 25, 1944, he was found to be physically fit. From this it must be assumed that he had had no attacks in the meantime. He had none until July 8, 1945.

Thus, we must assume that he had gone from 1941 until July 8, 1945, without an attack. If these are not the facts, which the record indicates, the defendant has not undertaken to demonstrate it. On the state of the record, we must assume them to be true.

They show an arrested case of plaintiff's disease for a period of more than two years before his entry into the service, which disease did not recur until after he had been in the service nearly 18 months.

Under such facts, we hold that plaintiff's incapacity was an incident of his service. See C. M. O. 1–1942–133–134, quoted by defendant; vol. V, No. 6, par. 338a, p. 153, J. A. G. (Army) June 1946.

■ Defendant's contention that plaintiff did not exhaust his administrative remedy is plainly without merit.

Plaintiff applied for review of the proceedings under section 302 of the Servicemen's Readjustment Act of 1944, 58 Stat. 287, but this application was denied. This is the only remedy he is said not to have sought.

Plaintiff is entitled to recover his active duty pay and allowances from February 16, 1947, to November 19, 1947, and his retired pay thereafter, less all disability compensation for such periods paid to plaintiff by the Veterans Administration. Plaintiff was relieved from active duty on February 16, 1947. This was the result of the finding of the Naval Retiring Board that he was incapacitated for active service. We have held that the findings of the Board entitled plaintiff to retirement. His release to inactive service was, therefore, improper; instead of that, he should have been retired for physical disability. He was not actually discharged until November 19, 1947; hence, he is entitled to his active duty pay in the meantime.

■ A regular Navy officer is entitled to pay and allowances until the date of his retirement. Sec. 4 of the Naval Aviation Personnel Act, supra, places reserve officers on the same basis as regular Navy officers insofar as retirement benefits are concerned. Since a regular Navy officer would have been entitled to his active duty pay until November 19, 1947, by the same token plaintiff is entitled to his active duty pay until that date.

Under our holding that plaintiff's disability was an incident of the service, he is entitled to his retired pay from the date of his discharge.

Judgment will be suspended until the incoming of a stipulation by the parties showing the amount due computed in accordance with this opinion.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.