United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791.

The regulations and decisions cited by defendant are not of particular importance since they do nothing more than restate the statutory and case law on this subject. We do not find that they contain anything to alter our opinion.

Defendant's motion to dismiss is denied and further proceedings will be had before a commissioner of this court.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.

**Frank G. KUTZ**

v.

**The UNITED STATES.**

**No. 291-52.**

United States Court of Claims.

June 7, 1955.

Fred W. Shields, Washington, D. C., for plaintiff. King & King, Washington, D. C., were on the briefs.

Lawrence S. Smith, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This case involves the right of a retired naval officer to receive increased retired pay under a special statute providing for certain benefits to naval officers who were specially commended for performance of duty in actual combat.

Plaintiff is a retired naval officer who served as such during World War I, having retired in 1925, with the rank of lieutenant commander. In 1918 he was serving aboard the U. S. S. San Diego when that vessel sank off the coast of Long Island, New York, on July 19, 1918.

In September 1918, plaintiff received a letter from the Acting Secretary of Navy commending him for his conduct upon the occasion of the sinking of the ship, as follows:

"1. The Department is in receipt of the report of the Commanding Officer of the U. S. S. San Diego, relative to the conduct of the officers

and men of that vessel on the occasion of the sinking of the same on July 19, 1918, and takes pleasure in quoting the following letter for your information:

" 'I have to report that Lieutenant F. G. Kutz, U. S. Navy, showed unusual coolness and presence of mind in time of peril.

" 'On the occasion of the loss of the U. S. S. San Diego, July 19, 1918, this officer who was serving as the 1st Division Officer, in charge of the forward part of the ship, showed exceptional poise in carrying out his routine duties before the ship sank; and later in the water while getting the boats which had floated clear, in working condition, his conduct was such as to inspire confidence in those about him which undoubtedly resulted in the saving of life.

" 'It is my opinion that this officer's conduct was specially meritorious and deserving of commendation from higher authority.'

"2. You are, accordingly, hereby highly commended for your exemplary conduct and bearing on the occasion described above, thereby rendering all assistance possible to your Commanding Officer under exceedingly trying conditions.

"3. A copy of this letter will be filed with your official efficiency record."

Plaintiff retired in 1925 and has been receiving 55 percent of the active-duty pay of a lieutenant commander. When plaintiff retired, he requested the Navy Department to accord him the benefits of section 30 of the Act of March 4, 1925, 43 Stat. 1279, 34 U.S.C.A. § 399, by virtue of his 1918 commendation in connection with the sinking of the U. S. S. San Diego. However, the Navy Department ruled that plaintiff had not been in actual combat with the enemy at the time of the sinking of the ship and was not, therefore, eligible for the benefits of the statute.

In 1950, plaintiff requested the Navy Department to advance him to the next higher rank, that of commander, on the retired list, under the provisions of section 412(a) of the Officer Personnel Act of 1947, 61 Stat. 795, 34 U.S.C.A. § 410n. Plaintiff made reference in his request to the promotion of Rear Admiral Harley H. Christy under the same statute.

The Navy Board for Decorations and Medals reconsidered plaintiff's case and advised the Secretary of Navy that it was of the opinion that plaintiff's 1918 commendation on the occasion of the sinking of the U. S. S. San Diego was one for performance of duty in actual combat with the enemy. It recommended that he be "accorded the benefits accruing by law to those officers who have been so commended." This recommendation was approved by the Assistant Secretary of Navy for Air on April 15, 1950.

The redetermination of the Navy Board for Decorations and Medals in 1950 was based solely on the action taken in the case of Rear Admiral Harley H. Christy, who had likewise been commended for his performance of duty upon the occasion of the sinking of the U. S. S. San Diego. In 1942, after he had retired, the Navy Department ruled that this commendation was not one for performance of duty in actual combat. Thereafter, Rear Admiral Christy several times requested the Navy Department to reconsider his case. On four separate occasions it adhered to its prior ruling that the commendation was not one for performance of duty in actual combat.

In 1949, Admiral Christy again requested the Navy Department to reconsider his case. The Navy Board for Decorations and Medals at that time had before it the following statement from the British Admiralty:

"* * * according to German sources U–156 sailed on her last cruise on the 18th June 1918, and was sunk by a mine in the American Northern Barrage on the 25 Septem-

ber. This confirms intelligence from our own sources that the submarine was probably sunk in the Northern Barrage Area A on that day.

"Previous to her loss she had claimed to have destroyed 41,600 tons during her cruise including the U. S. S. San Diego.

"According to 'The German Submarine War 1914–1918' by Gibson and Prendergast the San Diego struck a mine laid by U–156 but we consider this incorrect. U–156 was not a mine layer and in any event no German mine was laid west of 9° W. in 1918. We think it is beyond doubt that the ship was torpedoed and sunk by the U–156.

"There is no evidence that there were any survivors from the submarine."

Based on this data, the Board recommended that Admiral Christy's commendation be readjudicated to one for performance of duty in actual combat. This recommendation was subsequently, on January 4, 1950, adopted by the Assistant Secretary of Navy for Air.

On June 12, 1950, the Secretary of the Navy advised plaintiff that the recommendation of the Board for Decorations and Medals that he "be considered eligible for the special benefits accruing by law to those officers who have been specially commended for performance of duty in actual combat" had been approved. He was accordingly advanced on the retired list to the rank of commander, effective August 7, 1947. The Secretary of the Navy advised plaintiff by letter that this action was being taken pursuant to "Title 34, U.S.Code, Section 410n."

In this suit, plaintiff seeks the difference between retired pay at the rate of 55 percent and 75 percent of the active-duty pay of a lieutenant commander.

Plaintiff retired January 18, 1925, as a lieutenant commander, under the Act of August 29, 1916, 39 Stat. 579, 34 U.S.C.A. § 992. Under this act he was entitled to retired pay at two and one-half percentum times years of service.

Since plaintiff has been receiving retired pay at the rate of 55 percent, a mathematical conclusion is that he retired with 22 years of service.

Plaintiff's first request that he be accorded the benefits of section 30 of the Act of March 4, 1925, supra, that is to say that he be given advanced rank at 75 percent of his then pay because of his 1918 commendation, was denied by the Navy Department. In 1950, plaintiff again requested that the Navy Department advance him to the next higher rank, that of commander, and the Navy Department held that he qualified under section 412(a) of the Officer Personnel Act of 1947, supra. In the meantime, however, the 1947 Act had been amended by the Career Compensation Act, infra, to strike the 75 percent provision as of October 1, 1949.

Defendant contends (1) that the 1947 provision had been repealed before the action of the Navy Department and (2) that the Navy Department's decision as to combat was not conclusive in that it was not based upon substantial evidence of probative value.

Sections 519 and 520 of the Career Compensation Act of 1949, 63 Stat. 802, 834, 37 U.S.C.A. §§ 318, 319, provides as follows:

"Sec. 519. Any member or former member of the uniformed services or any person entitled to the rights, benefits, and privileges of a member or former member of the uniformed services, including any person entitled to the benefits provided in the Act of May 7, 1948 (62 Stat. 211), who on the date of enactment of this Act, is receiving or is entitled to receive retired or retirement pay pursuant to any provision of law, shall, notwithstanding the provisions of this Act, be entitled to continue to receive or shall continue his entitlement to receive that retired or retirement pay which such member or former member is entitled to receive under any provision of law in effect on the day pre-

ceding date of enactment of this Act.

"Sec. 520. Any provision of law which, on the date of enactment of this Act, entitles any person to be retired, to receive pay, retired pay, retirement pay, or retainer pay, or other monetary benefit, and which is directly repealed, impliedly repealed, or amended by the provisions of this Act, shall, if the entitlement of such person to such retirement, pay, retired pay, retirement pay, retainer pay, or other monetary benefit is saved by the provisions of this Act, be continued in full force and effect for such entitlement and for such a time as such entitlement may exist."

█ It is apparent from the above sections that repeal of the 75 percent provision of the 1947 Act did not take away a right which the officer had, but which the Navy had previously erroneously denied him. In fact, the Congress specifically prevented this by enacting sections 519 and 520, supra.

█ The second ground relied on by the defendant, that the Navy's redetermination of plaintiff's commendation was not based upon substantial evidence of probative value, we believe to be unfounded. The Naval Board for Decorations and Awards, which was created for the express purpose of determining such facts, held that the evidence in question was substantial evidence of sufficient probative value to justify a redetermination of plaintiff's commendation. Its findings and opinion were concurred in and approved by the Assistant Secretary of the Navy, whose action was final as far as the Navy was concerned. It is true that "While the information introduced to the Board in this case does not prove beyond a reasonable doubt that the U. S. S. San Diego was sunk by an enemy submarine, * * *." However, this is not a criminal action and we believe the Board correctly ruled "that the conflicting information be resolved in favor of the beneficiary * * *," and the question of "reasonable doubt" would not enter into it. Another interpretation of the rules of evidence would not and could not serve the ends of justice.

Thus, we are met with the inescapable conclusion that plaintiff is entitled to recover the difference in the retired pay received by him since August 7, 1947, and retired pay computed on the basis of 75 percent of his active-duty pay as a lieutenant commander which he received at the time of retirement.

Entry of judgment is suspended pending the filing of a report by the General Accounting Office showing the amount due the plaintiff in accordance with this decision.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.