Pee Cubiam ;
J ames B. McCarthy is one of the plaintiffs in the above action. Defendant has filed a motion for summary judgment as to him only, and he has filed a cross-motion.
*480 He was a commissioned warrant officer, and sues for retired pay erroneously denied him because of the supposed application of the Economy Act of 1932 (47 Stat. 406) to commissioned warrant officers. We held in Tato v. United States, 136 Ct. Cl. 651, it did not apply to such officers. However, plaintiff’s claim for the period up to and including September 30, 1952, is barred by the judgment heretofore rendered in James Bernard McCarthy v. United States, Ct. Cl. No. 49959, entered on October 6, 1953. Plaintiff in this suit sues as James B. McCarthy, but his full name is James Bernard McCarthy. In that suit he asked for increased retired pay, but he did not allege the ground for recovery here alleged, but, of course, he could have done so and, hence, is barred from now doing so, under the doctrine of res judicata, and by 28 U.S.C. § 2517 (b). See Robert Clark, et al. v. United States, this day decided, ante, p. 470.
In this case, Frank M. Mondeau was also a plaintiff. He was allowed to recover, because he had filed a motion to reopen the former judgment by which it was alleged he was estopped. Amsden (Mondeau) v. United States, 146 Ct. Cl. 809. The rationale of our decision in his case was that his motion to reopen the judgment was erroneously disallowed, and for this reason we treated the second suit as a continuation of the first, thus obviating the effect of res judicata. Here, no such motion was made, and the doctrine of res judicata and 28 U.S.C. § 2517(b) bar his present suit for the period covered by the prior judgment.
Defendant’s motion is granted as to the period prior to September 30, 1952, and denied for the subsequent period. Plaintiff’s motion is granted for the period subsequent thereto, and denied for the prior period. The amount of recovery will be determined pursuant to Buie 38(c).
It is so ordered.