**John Wright REGISTER**
v.
**UNITED STATES.**
No. 207–59.

United States Court of Claims.
July 15, 1960.

Guy Emery, Washington, D. C., for plaintiff; Emery & Wood, Washington, D. C., on the brief.

LeRoy Southmayd, Jr., Washington, D. C., George Cochran Doub, Jr., Asst. Atty. Gen., for defendant; Katherine H. Johnson, Alexandria, Va., on the brief.

WHITAKER, Judge.

This is plaintiff's second suit for active duty pay and retired pay. Our former decision is reported in 128 F.Supp. 750, 131 Ct.Cl. 98.

█ Insofar as plaintiff seeks the active duty and retired pay of a lieutenant, his claim is plainly barred by the doctrine of *res judicata* for the period covered by our former judgment. We decided in the former case that plaintiff was entitled to the active duty and retired pay of a lieutenant, junior grade. That was a final judgment on that question and it cannot be litigated again. See 28 U.S. C. § 2517.

It is true that in our former decision we did not consider nor decide the question of plaintiff's right to the retired pay of a lieutenant. However, since plaintiff could and should have raised this question in the former litigation, our judgment there bars him from now making this claim as to the period previously covered by the first suit. E. g. Clark v. United States, Ct.Cl., 281 F.2d 444. Plaintiff, however, is not estopped to raise the question as to the period subsequent to our former judgment, since, as we have stated, the issue was not previously decided. Abarr v. United States, 153 F.Supp. 387, 139 Ct.Cl. 748.

█ The factual basis for plaintiff's claim may be stated briefly as follows: On July 16, 1945, plaintiff was serving aboard the U. S .S. Bosque as a lieutenant, junior grade. Immediately preceding this date plaintiff had been hospitalized for thrombophlebitis and cellulitis. Upon his return to his ship he was informed that his promotion to lieutenant had been authorized by ALN AV 149–45. However, certain conditions were placed on the authorization as set out in BUPERS CIRLET 222–43 and, accordingly, in order to be promoted, plaintiff had to be physically qualified and had to receive a recommendation from his commanding officer stating that he was "mentally, morally and professionally qualified."

On July 16, plaintiff underwent a physical examination, the results of which showed that he was not physically qualified for promotion. Shortly thereafter, on July 30, 1945, plaintiff's commanding officer wrote the following letter to the Chief of Naval Personnel with reference to plaintiff's promotion:

"(1) This officer, falling within the category of ALNAV 149–45 has had his commission withheld for the following reasons:

"(a) In the opinion of his Commanding Officer he is not qualified for promotion to Lieutenant on a seagoing vessel of the United States Navy;

"(b) Does not meet the physical requirements for promotion. * * *

"(2) Subject named Officer is attached to this vessel as Assistant Beachmaster. During his period aboard he has had no opportunity to serve in his specialty and no observation can be made as to his effectiveness as such. His service as deck watch and division officer has not been of such caliber as to warrant the proposed promotion being effected aboard this vessel. * * *"

Later, plaintiff was transferred to the Naval Hospital, Bethesda, Maryland, and he was so stationed at the time of the issuance, on January 16, 1946, of ALNAV 28–46. This regulation stated:

"The President on 15 January 1946 appoints for temporary service to the next higher Rank or Grade all Commissioned and Warrant Officers of the Active List of the Regular Navy and Naval Reserve including the Womens Reserve on Active Duty including Terminal Leave whose temporary promotions previously authorized and not subsequently effected have been withheld by reason of physical disability or disqualification, under Hospital Treatment, on Sick Leave or Sick List, or awaiting action of a Naval Retiring Board.

"Para 3 (D) and physical requirements for promotion set forth in BUPERS CIRLET 222–43, are here-

by cancelled. Physical Examination required solely for Record purposes."

On February 7, 1946, plaintiff, claiming that he came within this regulation, executed a form acknowledging receipt of notice of his temporary appointment to the rank of lieutenant. The commanding officer of the Naval Hospital forwarded the plaintiff's acceptance of the promotion with the following endorsement:

"This officer is considered to be mentally, morally and professionally qualified for this appointment."

On April 25, 1946, the Navy Bureau of Personnel wrote the plaintiff acknowledging receipt of notice of the plaintiff's acceptance of his supposed promotion, but stated that his promotion had not become effective. The letter said:

"2. As indicated in ref (b) [Letter of 8–25–45] your promotion to the rank of lieutenant was withheld by the Commanding Officer of the U. S. S. Bosque (APA–135) because of your failure to qualify physically or professionally. Therefore, your acknowledgment * * * is null and void and of no force or effect and is hereby cancelled.

3. At such time as your Commanding Officer forwards a letter of recommendation stating that you are in all respects qualified for promotion, further consideration will be given by this Bureau to your promotion status."

Thereafter, plaintiff was released to inactive duty in the rank of lieutenant, junior grade. In 1956 he applied to the Board for Correction of Naval Records to have his records changed to show his promotion to the grade of lieutenant. His application was denied. The Board found, in particular:

"That after careful review of Petitioner's naval record, the evidence submitted by him or in his behalf, and the action of the U. S. Court of Claims of 1 March 1955, the Board finds no evidence of error or injustice, and that no correction of his record is warranted. Speci-fically, in connection with Petitioner's first request, that his name be placed on the retired list as of 20 November 1947, the Board finds that his release to inactive duty on 15 February 1947 and his subsequent honorable discharge on 19 November 1947 were proper, and that no record changes are warranted in connection therewith notwithstanding the judgment of the U. S. Court of Claims. Relative to his second request, that his record be corrected to show that he was promoted to the grade of lieutenant, the Board finds that Petitioner did not establish his professional qualifications for promotion to the grade of lieutenant, and that the withholding of the promotion under the circumstances was in accordance with normal standards of naval law, administration and practice."

Plaintiff did not come within the terms of ALNAV 149–45, because he was in the hospital when it was issued, and, after release from the hospital, he was unable to pass the physical examination. He did not come within the terms of ALNAV 28–46 because it promoted those officers whose promotion had been withheld only "by reason of physical disability or disqualification." Such officers were promoted regardless of the officer's physical condition. It was not, of itself, however, a promotion, but merely waived the condition previously imposed that officers must be physically qualified in order to gain promotion to the next highest rank. In plaintiff's case it removed the necessity for him to qualify physically for promotion under ALNAV 149–45; but plaintiff had not only failed to qualify physically, he had failed to qualify professionally as well. ALNAV 28–46 did not promote such officers. Not only must an officer qualify physically before he could be promoted, but, in addition, his commanding officer was required to certify that he was "mentally, morally and professionally qualified for this appointment." It, of course, would be absurd

to say that ALNAV 28–46 meant to promote a man who was not professionally qualified for promotion. The commanding officer of the U. S. S. Bosque refused to certify that plaintiff was professionally qualified for promotion.

In view of the statement of the Bureau of Medicine that plaintiff was "not physically qualified for duty at sea and on foreign shore," plaintiff was transferred to the Naval Hospital at Bethesda, Maryland. When plaintiff gave notice of his acceptance of the promotion which he thought was authorized by ALNAV 28–46, the commanding officer of the hospital, believing that plaintiff's promotion was authorized by ALNAV 28–46, forwarded plaintiff's acceptance with the endorsement that "this officer is considered to be mentally, morally and professionally qualified for this appointment." Whether the commanding officer was aware of the previous certificate of the commanding officer of the Bosque does not appear; but it would be very strange if a medical officer would express the opinion he did about a line officer had he known of the contrary expression of the line officer who had been plaintiff's previous commanding officer.

However, it was necessary for plaintiff's acceptance and his then commanding officer's endorsement thereon to be sent to the Bureau of Personnel for approval. As we have seen, the Bureau of Personnel refused to approve it, in view of the comment of the commanding officer of the Bosque, and stated that plaintiff's acceptance of the promotion was "null and void and of no force and effect and is hereby cancelled."

It is not contended that the Bureau of Personnel was not authorized to approve or disapprove the promotion, and it would seem that they were fully warranted in holding that plaintiff's promotion was not effective, since he did not come within ALNAV 28–46, because he had failed of promotion under ALNAV 149–45, not only because physically unfit, but also because professionally unqualified. Their action is, therefore, final.

Plaintiff having failed of promotion to lieutenant, he is not entitled to the pay of that grade. His motion is denied. Defendant's motion is granted, and plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and DURFEE, Judge, concur.

MADDEN, Judge (dissenting).

I respectfully disagree with the court's opinion and decision.

The court says that the plaintiff failed of promotion because his commanding officer thought he was not professionally qualified for promotion.

Under ALNAV 149–45, issued in July 1945, the plaintiff was advised that he had been selected for promotion. He did not receive that promotion because his then commanding officer decided that he did not meet either the physical or the professional requirements for promotion. At that time the plaintiff was suffering from the disability for which he was later discharged from the Navy. In December 1945 he was transferred to the Naval Hospital, Bethesda, Maryland.

On January 16, 1946 ALNAV 28–46 was issued. It, like ALNAV 149–45, included the plaintiff's name. But it differed essentially from the previous ALNAV because it contained the following language:

"The President on 15 January 1946, appoints for temporary service to the next higher Rank or Grade all Commissioned and Warrant Officers of the Active List of the Regular Navy and Naval Reserve including the Women's Reserve on Active Duty including Terminal Leave *whose temporary promotions previously authorized and not subsequently effected have been withheld by reason of physical disability or disqualification,* under Hospital Treatment, on Sick Leave or Sick List, or awaiting action of a Naval Retiring Board.

"Par 3 (D) and physical requirements for promotion set forth in

BUPERS CIRLET 222–43 are hereby cancelled. Physical Examination required solely for Record purposes." [Italics supplied.]

Under this executive order the plaintiff was clearly entitled to promotion, notwithstanding his physical disability. That left only the problem of his professional qualifications. His new commanding officer forwarded the plaintiff's February 7, 1946, acceptance of the promotion with the following endorsement:

"This officer is considered to be mentally, morally and professionally qualified for this appointment."

On April 25, 1946, the Navy Bureau of Personnel wrote the plaintiff acknowledging receipt of notice of the plaintiff's promotion, but saying the promotion was under the terms of ALNAV 149–45. The letter then said:

"2. As indicated in ref (b) [Letter of 8–25–45] your promotion to the rank of lieutenant was withheld by the Commanding Officer of the USS Bosque (APA–135) because of your failure to qualify physically or professionally. Therefore, your acknowledgment * * * is null and void and of no force or effect and is hereby cancelled.

"3. At such time as your Commanding Officer forwards a letter of recommendation stating that you are in all respects qualified for promotion, further consideration will be given by this Bureau to your promotion status."

The Bureau of Personnel was all mixed up. ALNAV 149–45 had nothing to do with the plaintiff's January 1946 promotion, except that the 1946 order rescinded the 1945 one with regard to physical qualification. So far as professional qualification was concerned, the plaintiff's 1946 commanding officer had expressly certified the plaintiff's professional qualifications. It was no part of the function of the Bureau of Personnel to decide that the fact that the plaintiff's 1945 commanding officer had refused to so certify was an impediment to the plaintiff's 1946 promotion.

I would decide that the plaintiff was, on the merits, entitled to promotion, and grant him the retired pay of a lieutenant, less the retired pay, already received by him, of a lieutenant (j.g.), from the date of our judgment in the prior suit.

LARAMORE, Judge, joins in the foregoing dissenting opinion.