Whitakee, Judge,
delivered the opinion of the court:
Plaintiff sues for the increased retired pay to which he claims he is entitled. His pay was computed under the Pay Readjustment Act of 1942 (56 Stat. 359, 367), but he claims he is entitled to have it computed under the Career Compensation Act of 1949 (63 Stat. 802, 807), except that he claims he is entitled to 75 per centum of the pay prescribed by that Act, instead of the percentage set out therein.
The pertinent facts can be briefly stated. Plaintiff appeared before a Naval Retiring Board on October 21, 1948. That Board found that he was suffering bilateral deafness, but not to an extent sufficient to disqualify him for active duty. On recommendation of the Retirement Advisory Board, the Acting Secretary of the Navy approved the findings of the Naval Retiring Board on April 13,1949. There *599 after, on April 30, 1949, plaintiff was released from active duty, but not for physical disability.
Subsequently, a Naval Retiring Review Board was convened which found that plaintiff was permanently incapacitated for active service, and that his disability was an incident of the service. The President of the United States approved the decision of the Board on October 26,1949, and plaintiff was transferred to the retired list on November 1, 1949.
Plaintiff says that since he was retired after the passage of the Career Compensation Act on October 12, 1949, he is entitled to the pay prescribed by that Act, except that he says he is entitled to 75 per centum of those rates, instead of the percentage fixed by it.
We are of opinion that the plaintiff is not entitled to any of the benefits of the Career Compensation Act.
The Naval Retiring Review Board was not a retiring board, but a board set up to review the actions of the Naval Retiring Board. On review it determined that the former action of the Naval Retiring Board was erroneous and that, instead, it should have found that plaintiff was incapacitated for active service and that his incapacity was an incident of the service. Had the Retiring Board so found, plaintiff would have been placed on the retired list on the date he was released from active duty. The findings of the Review Board, therefore, are to be substituted for the findings of the Naval Retiring Board as of the date the Retiring Board made its determination.
Plaintiff was released from active duty on April 30,1949; substituting the determination of the Naval Retiring Review Board for that of the Naval Retiring Board, plaintiff is entitled to draw retired pay from April 30,1949, at the rates in effect at that time. Since the Career Compensation Act was not passed until October 12,1949, plaintiff is not entitled to the benefits of that Act.
This is in accord with prior decisions of the court in Hamrick v. United States, 120 Ct. Cl. 17; Thomas v. United States, 123 Ct. Cl. 507; Ramsey v. United States, 123 Ct. Cl. 504; Frame v. United States, 124 Ct. Cl. 557 (cert. denied in *600 all three cases, 345 U.S. 994); and Kilbanks v. United States, 139 Ct. Cl. 128.
The gist of the holdings of those cases is set out in that portion of the opinion in the Hamrielc case, which was quoted in the Kilbanlcs case. It reads at page 132:
* * * The error was partly corrected when plaintiff was placed on the retired list on November 1,1946. But full correction of the error would require plaintiff’s being put in the same position he would be in had the erroneous determination not been made. If the retiring board had made a correct determination plaintiff would have received retired pay from the time his active duty pay ceased. A process of review is effective only to the extent that it is followed by action which removes the consequences of error. Section 302(a) of the G.I. Bill of Eights is remedial. We would dilute the effectiveness of this remedial statute by holding that this plaintiff is entitled to something less than he would have had if the erroneous determination had not been made. See Robertson v. Chambers, 341 U.S. 37.
Plaintiff, relying on Register v. United States, 131 Ct. Cl. 98, says that he is entitled to active duty pay from April 30, 1949, the date he was released to inactive service, until November 1,1949, when he was placed on the retired list. However, the pertinent facts in this case and in the Register case are different. We held that the plaintiff in that case was entitled to active duty pay from the date he was released to inactive duty, which was shortly after the findings of the Betiring Board, until those findings had been approved. In the instant case the findings of the Eetiring Board were approved by the Secretary of the Navy, and plaintiff was released to inactive service thereafter. Under such facts plaintiff of course is not entitled to active duty pay.
Plaintiff is entitled to retired pay under the provisions of the Pay Eeadjustment Act of 1942, supra, since April 30, 1949, and that has been paid to him.
It results that plaintiff’s motion for summary judgment must be overruled. Defendant’s like motion must be granted, and plaintiff’s petition must be dismissed.
It is so ordered.
Durfee, Judge; Laramore, Judge; Madden, Judge; and Jones, Chief Judge, concur.