Per Curiam :
Since 1928, plaintiff lias been receiving disability retired pay at the rate of 75 percent of the active duty pay of a second lieutenant (in the Army) with over two years’ service. In this suit, he claims entitlement to such pay computed on the basis of an additional three years’ service which, he says, he had in the Kentucky National Guard from March 1907 to March 1910. His claim was turned down by the Adjutant General of the Army (in 1952) on the ground that no record of such 1907-1910 service coidd be found. After a hearing at which plaintiff presented affidavits of two fellow-guardsmen that he had served during the disputed period as well as other materials, the Army Board for Correction of Military Eecords likewise denied his claim (in 1959) on the ground that he had failed adequately to prove the challenged service. Plaintiff then filed his petition here on August 16, 1961. Defendant moves to dismiss.
We are of the view that plaintiff’s claim in this court for increased retirement pay (on account of the additional three years of service he alleges) is the kind of claim of which this court has long taken jurisdiction directly, without any need for determination by an administrative board or tribunal. See Friedman v. United States, 159 Ct. Cl. 1, 6, 8, 24, 310 F. 2d 381, 384-85, 395 (1962), cert. denied, 373 U.S. 932 (1963), and the decisions cited, pp. 7 n. 1, 24 n. 20, 310 F. 2d at 385 n. 1, 395 n. 20. There was no requirement that the plaintiff go before the Correction Board and the proceedings of and before that Board are immaterial to the resolution of the conventional judicial cause of action now presented to this court. Plaintiff must be given the opportunity to prove the factual basis of his claim (i.e., his service in the Kentucky National Guard from 1907 to 1910) — independently of the Board proceedings — at a court trial.[1] He does not move for summary judgment and the materials he offered to the Board *261 would not warrant such a decision in his favor at this stage.
This is a “continuing claim” on which plaintiff will be entitled, if he prevails, to a judgment running back no more than six years from the date of the filing of the petition. Friedman v. United States, supra; Carver v. United States, 159 Ct. Cl. 67, 74 (1962); Aflague v. United States, 159 Ct. Cl. 80, 87, 309 F. 2d 753, 756 (1962). The doctrine of laches, urged by defendant, is inapplicable to a claim of this type The defendant’s motion to dismiss the petition is denied and the case is returned to the Trial Commissioner for further proceedings.

 The petition is phrased in terms of an attack on the Board’s ruling as arbitrary, capricious and unsupported by substantial evidence, but on the basis of a colloquy with plaintiff’s counsel at the oral argument we take the petition to have been amended, by leave of court, to include a more direct and traditional claim that he is entitled to increased pay because, in fact, he had three years more service than the Army has credited to him. See Rule 18.