Davis, Judge,
delivered the opinion of the court:
Plaintiff, a retired naval officer now receiving retired pay computed on the pay of a commander with over 21 years of service, sues for retired pay computed on the pay of a commander with over 30 years of service. The main issues revolve around the legal defenses of the statute of limitations, res judicata, and collateral estoppel. The facts are not in dispute.
Plaintiff was a commissioned officer in the Navy during World War I and received a commendation from the Secretary of the Navy for his exemplary conduct and bearing on the occasion of the sinking, on July 19, 1918, of the USS San Diego on which he was then serving. He continued on active duty until January 1925 when he was placed on the retired list with the rank of lieutenant commander. He then *71 had 21 years of service. During World War II he was recalled to active duty, as a lieutenant commander, and served in that grade between April 19,1943 and February 29,1944, when he was released from further active duty in the same grade. This ten-month tour brought his total service to 22 years. On his release he was paid at the rate of 55% of the pay of a lieutenant commander (2y2% times 22 years of service).
In February 1950, plaintiff applied to the Navy, under Section 412(a) of the Officer Personnel Act of 1947, 61 Stat. 795, 874, for advancement to the nest higher rank (commander) on the retired list because the commendation he had obtained in World War I was for conduct in combat.[1] The Navy Department Board of Decorations and Medals advised the Secretary that plaintiff was entitled to the advantages of the 1947 Act, and the Secretary approved that determination. On June 12, 1950, the Navy forwarded to plaintiff a certificate of advancement to the rank of commander, effective from August 7,1947 (the date of the Officer Personnel Act of 1947).
When the Comptroller General refused to raise plaintiff’s retired pay from the 55% of lieutenant commander’s pay which he was then receiving to the 75% provided by Section 412(a) of the 1947 Act (footnote 1, supra), he brought suit (in 1952) in this court — confining his demand to retired pay computed on the basis of 75% of the pay of a lieutenant commander with 22 years of service. The court held, first, that, as to plaintiff, the 1947 provision for 75% was not taken away by the Career Compensation Act of 1949, and, second, that the court would not overturn the Navy’s finding that *72 the World War I commendation was received in combat. Kutz v. United States, 132 Ct. Cl. 329, 132 F. Supp. 117, decided June 7, 1955. The judgment, entered on November 8, 1955, covered the period from August 7, 1947, to June 7, 1955.
Thereafter, in January 1957, plaintiff applied to the Board for Correction of Naval Becords for a further change in his records to show that he had been retired as a commander in 1925 — not merely from 1947, as the Navy had earlier decided — with entitlement to retired compensation at the rate of 75% of commander’s pay from that time. Eds position was that the original rejection of his application for the special benefits accruing upon his commendation (see footnote 1) had been erroneous and that, if the Navy had then acted correctly, he would have been advanced on the retired list as of 1925. After a hearing, the Correction Board, with the Secretary’s approval, corrected plaintiff’s records to show (a) his advancement to commander, not in 1925, but on February 23, 1942;[2] (b) his recall to active duty during World War II as a commander; and (c) his entitlement to all monies lawfully due on that basis.
Implementing this determination, the Navy and the General Accounting Office paid plaintiff all the sums to which he believed himself entitled — with one exception. They accorded him pay 'based on the rank of a commander and computed his retired pay at 75% of the active duty pay of that grade. But they insisted on calculating the retired pay on the basis of the pay of a commander with over 21 years of service, rather than of a commander with over 30 years. Plaintiff claims that under the “re-retirement” concept he is entitled to have his retired pay based on all the years of service he had at the time he was released from active duty on February 29,1944 (over 30 years), not his years of service at the time of his initial retirement in 1925 (over 21 years). *73 The present suit is to vindicate that claim. Plaintiff seeks this additional retired pay from February 29, 1944.
The primary defense is that the claim is barred by the earlier decision rendered by this court in 1955. Defendant says that, when plaintiff brought his suit in 1952, he could have included the very same point on which he now sues; he could have asked that his pay be based on that of a commander with over 30 years of service; by 1952, the Navy had already decided that his World War I commendation was for combat and all the other operative facts {e.g., his World War II service) were known and capable of proof. Plaintiff’s response is that he could not make the present claim until the Navy officially changed his records, in 1957, to show that he served as a commander (not a lieutenant commander) during World War II; it was not until that was done that he could claim to have been re-retired (in 1944) as a commander. On that view the present cause of action did not accrue before 1957 — well after the previous decision of this court and well within sis years of the filing of this suit on August 4,1961.
We think that the Government is correct as to the period up to the last date covered by our former judgment (June 7, 1955). A serviceman’s suit for his pay for a defined period is a single cause of action; he asserts that the full and proper amoimt has not been paid to him, as a serviceman, for that time. The suit is not a presentation of separate legal or factual points, but is instead a single claim for all the pay then owing. The cause of action is for the whole of the unpaid compensation, not for this bit or that piece. That is the reason the court has expressly held that plaintiffs seeking retired pay must “advance every reason they ever wished to advance to support their claim for retired pay. They could not advance one reason in that suit, and later bring another suit alleging that they were entitled to even greater retired pay, for a reason they failed to advance in the former suit. They cannot split their causes of action. * * * In the former suits they should have alleged they were entitled to increased retired pay, not only for the reason there advanced, but for the additional reason they now allege.” *74 Clark v. United States, 150 Ct. Cl. 470, 475, 281 F. 2d 443, 446 (1960). The same bar of res judicata was explicitly used in Amsden v. United States, 150 Ct. Cl. 479, 480 (1960), and Register v. United States, 150 Ct. Cl. 752, 753, 281 F. 2d 448, 449 (1960), and the rule has since been followed for periods covered by previous judgments. See, e.g., Akol, et al. (Black, Executrix, etc.) v. United States, 167 Ct. Cl. 99, 105, n. 3 (1964); Akol, et al. (Mandigo) v. United States, 166 Ct. Cl. 182, 191 (1964); Akol et al. (Stanford) v. United States, 165 Ct. Cl. 444, 452 (1964), 330 F. 2d 618, 622.
The reasons plaintiff now urges for increasing his retired pay back to 1944 could have been included in his prior case in 1952. He then had the Navy’s formal determination (made in 1950) that his World War I commendation was for combat. It was open to him to argue that from that determination there flowed automatically, as a matter of law, the following necessary consequences: (1) under either the 1925 or the 1942 statutes on combat commendations (see footnotes 1 and 2, supra) he had the absolute right to be treated and paid as a commander when he was recalled to active duty during World War II; (2) similarly, he had the right under the statutes to the rank of commander in 1944 when he was relieved from active duty; (3) as a commander re-retiring in 1944, he had the right to have his future retired pay computed on the basis of his years of service at the time of his re-retirement (i.e., over 30 years), rather than on the basis of his service years when he first retired in 1925; or, at the least, (4) plaintiff could have argued that, even if his retired compensation was computed on the basis of the grade of lieutenant commander, he would still be entitled to have it figured, under the re-retirement concept, on the basis of over 30 years of service.
These would have been sound arguments, impervious to a defense that plaintiff’s naval records had to be changed by the Navy to show that he served as a commander for the ten months of his tour of duty in World War II. The length of his World War II service was known and undisputed. Once it was decided that his World War I commendation *75 was for combat, no discretionary determination by any naval agency was needed to show that plaintiff was entitled, under the law, to be paid at a commander’s rate during and after his World War II service. The 1942 statute was mandatory (“shall be advanced”), as was the 1925 Act (“shall be placed upon the retired list with the rank of the next higher grade”). The 1947 Act was likewise mandatory. There was no discretion to be exercised by the Navy; plaintiff had to be treated, for pay purposes at least, as a commander.[3] With respect to the years-of-service with which he should have been credited after his World War II tour, that, too, was a legal problem dependent upon the retirement legislation as this court has construed it — not a claim requiring resort to an administrative agency as a pre-condition of litigation. This court might not have been competent to declare that plaintiff was and had been a commander for all purposes, but it plainly had the right to decide that his retired pay should have been computed on the basis of the pay of that grade, with all his years of service to be counted.
Like other military pay claims based on unconditional statutory rights, this was the kind of claim of which this court has long taken jurisdiction directly, without any need for a determination by an administrative board or tribunal. See Friedman v. United States, 159 Ct. Cl. 1, 6-8, 24-25 (1962), 310 F. 2d 381, 384-85, 395-96, cert. denied, 373 U.S. 932 (1963), and the decisions cited pp. 7 n. 1, 24 n. 20, 310 F. 2d at 385 n. 1, 395 n. 20. The court entertained this type of claim before the Correction Boards were created, and can continue to do so, in the same way, even though the Boards may now have certain concurrent authority. There was, accordingly, “no requirement that the plaintiff go before the Correction Board and the proceedings of and before that *76 Board are immaterial to the resolution of the conventional judicial cause of action now presented to this court.” Morris v. United States, 163 Ct. Cl. 259 260 (1963). See also, Friedman v. United States, supra, 159 Ct. Cl. at 11-12, 310 F. 2d at 388. It follows that, for the period covered by his earlier case, plaintiff could have adduced before this court, in that suit, all the issues he now raises. For that period his claim is barred by res judicata.
For like reasons, the claim for that prior period is also disallowed by the defense of limitations. Our earlier judgment extended to June 7,1955. The present petition was filed on August 4, 1961, more than six years later. Since no administrative decision was necessary to accrue the cause of action (once it had been administratively decided to characterize the World War I commendation as combat-incurred) , the claim is a continuing one on which the plaintiff can go back no more than six years from the date of suit.[4]
The remaining problem is whether plaintiff can recover for the six years before commencement of the present suit, a period not covered by the earlier judgment or time-barred. For this period the cause of action necessarily differs from the claim made in 1952 since later years are involved. Ees judi-cata cannot control, but collateral estoppel would be applicable if the prior decision necessarily determined the questions now proffered. See Warthen v. United States, 157 Ct. Cl. 798 (1962); Register v. United States, supra. As in those instances, we cannot find that the former case raised the current issues or that the court decided them. The entire focus of the case was far from the points now made and the court did not determine these new issues, either consciously or unconsciously.
Defendant does not contest plaintiff’s right to recover for the past six years, once the defenses of res judicata and collateral estoppel are put aside. We have already suggested that, on its merits, plaintiff’s claim is valid. There is no dispute that he is entitled to have his retired pay computed at 75% of the pay of a commander. Under our decisions *77 (Danielson v. United States, 121 Ct. Cl. 533, 102 F. Supp. 575 (1952); Gordon v. United States, 134 Ct. Cl. 840, 140 F. Supp. 263 (1956); Sherfey v. United States, 141 Ct. Cl. 307, 157 F. Supp. 936, cert. denied, 357 U.S. 926 (1958) ; Field v. United States, 141 Ct. Cl. 312, 158 F. Supp. 580 (1958), cert. denied, 357 U.S. 926 (1958)) be is also correct in asking that the pay computation take account of all his years of service, active and inactive, up to the time he was re-retired in 1944.
Defendant’s motion for summary judgment is granted as to the period prior to the sis years before suit and is denied as to the later period. Plaintiff’s motion for summary judgment is granted as to that six-year period and denied as to the earlier period. Judgment is entered for plaintiff to that effect. The amount of recovery will be determined pursuant to Pule 47(c) (2).
In accordance with the opinion of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on February 26, 1965, that judgment for the plaintiff be entered for $10,629.69.

 Section 412(a) provided that Navy officers, except those retired for physical disability, “who have been specially commended for their performance of dnty in actual combat” by the head of the Department of the Navy shall, on retirement, be placed on the retired list with the rant of the next higher grade and with 75% of the active duty pay of the grade in which they were serving at the time of retirement.
Plaintiff had previously applied, unsuccessfully, for the similar benefits of Section 30 of the Act of March 4, 1925, 43 Stat. 1269, 1279, which was a predecessor of Section 412(a). At that time the Navy decided that he had not been in actual combat with the enemy when his vessel was sunk. In 1950 the Board decided otherwise on the basis of new evidence. See Kutz v. United States, 132 Ct. Cl. 329, 331-32, 132 F. Supp. 117, 118-19 (1955).

 This date was apparently selected because the Act of February 23, 1942, 56 Stat. 120 — like the 1925 and 1947 Acts mentioned previously — provided for advancement on the retired list of Navy officers specially commended by the head of the department for their performance of duty in actual combat. We do not know why the Correction Board chose to rely on the 1942 Act rather than the 1925 statute which seems equally applicable.

 After the Board of Decorations and Medals determined that plaintiff’s commendation was for combat, the Navy advanced him to commander’s rank only from August 7, 1947 (the date of the 1947 Act), but we know of no reason why he was not entitled to be accorded this rank under the 1942 or 1925 statutes. The 1947 Act limited its benefits to the date of its approval, but also provided that nothing in the provision “shall be held to reduce the retired rank or pay to which an officer would he entitled under other provision of law.” The Correction Board later back-dated the advancement to the date of the 1942 Act. See footnote 2, supra.

 See, e.g., Friedman v. United States, supra; Carver v. United States, 159 Ct. Cl. 67, 74 (1962) ; Morris v. United States, supra; Barnes v. United States, 163 Ct. Cl. 321, 328 (1963).