Per Curiam ;
This is a military disability-retirement pay case in which the Government has moved to dismiss the peti *299 tion on the ground that it is barred by the 6-year statute of limitations, -28 U.S.C. § 2501. The motion was referred to Trial Commissioner Marion T. Bennett, under Rule 54(b), for his recommendation for a conclusion of law. Commissioner Bennett has submitted an opinion concluding that the claim is time-barred, and a recommendation that the defendant’s motion be granted and the petition dismissed. Plaintiff has excepted to the Commissioner’s opinion and recommendation; the defendant accepts them both. The court has heard oral argument and has considered the briefs filed by the parties. The court agrees with the Commissioner’s opinion (with a slight change) and with his recommended conclusion of law.
Plaintiff argues that this view is contrary to the position of the court in a series of decisions beginning with Aflague, et al. (Forster) v. United States, 159 Ct. Cl. 80, 309 F. 2d 753 (1962) [1] In those cases the court held that certain naval personnel retired before the Career Compensation Act of 1949, 63 Stat. 802, were entitled to disability retirement pay under Title IV of that Act since they fell within the statutory class of members of a uniform service “heretofore retired by reason of physical disability and now receiving or entitled to receive retired or retirement pay” (Section 411 of the 1949 Act). Although the men had all been returned to the retired list on disability grounds, the Navy refused to consider them as “heretofore retired by reason of physical disability,” within the meaning of Section 411, because it read the statute as inapplicable to men originally retired for reasons other than disability. The basic issue, therefore, was the meaning of Section 411 as it applied retroactively to this group of men previously re-retired on disability grounds, but who had been denied disability retirement pay. This was a pure question of statutory interpretation, and the plaintiffs’ basic claims were squarely founded on the unconditional statutory right they asserted under the 1949 Act. Moreover, the particular statutory claims of these previously retired servicemen were not dependent under the 1949 Act *300 on the prior action of a board (or other tribunal with power to determine) but could come directly to this court (if the claimants made the required election within five years or were excused from doing so). From the moment the Career Compensation Act became effective in October 1949, those plaintiffs had a statutory right to choose the new basis of retirement compensation they sought. Cf. Kutz v. United States, 168 Ct. Cl. 68, 75-76 (1964); Kirk v. United States, 164 Ct. Cl. 738, 743 (1964). Accordingly, the court held those claims to be “continuing” in the sense that each failure by the Government to make payment accrues a new cause of action.[2] Because the basic claim of statutory eligibility was a “continuing” one, the court treated some subsidiary aspects as within the same category even though those subsidiary aspects may have required discretionary action by a military board. This was a special adjustment, necessary for this particular class of case, which does not indicate any general departure from the rules of Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674 (1962) and Friedman v. United States, 159 Ct. Cl. 1, 310 F. 2d 381 (1962), cert. denied in both cases, 373 U.S. 932 (1963), cited by Commissioner Bennett.
Plaintiff’s situation is very different from those of the Aflague-Akol claimants. As the Commissioner points out, plaintiff sought prospective disability retirement, in 1954 and 1955, under a statutory system which made the Secretary, together with the appropriate boards, the tribunals for deciding the questions of fitness for service and the percentage of disability at the time of separation. Plaintiff did not have an unconditional statutory right to disability retirement or to any particular measure of disability retirement pay, but only a right to have those issues determined fairly and in accordance with law by the Secretary and the boards. His claim was wholly dependent on prior administrative action (or refusal of such action) and therefore falls directly under the Lipp and Friedman rulings. Such a claim is not *301 “continuing”, but accrued as a whole no later than plaintiff’s release from the service in March 1955.
The court adopts the Commissioner’s opinion (with a slight modification), as supplemented by this opinion, as the basis for its judgment in this case. The defendant’s motion to dismiss is granted and the petition is dismissed.
OPINION OP COMMISSIONER
Defendant seeks dismissal of plaintiff’s petition filed July 31, 1963, and grounds its motion therefor on the 6-year statute of limitations (28 U.S.C. 2501).
Plaintiff demands disability retirement pay from March 2, 1955, the date he was released from active duty with severance pay, as the result of the approved action of a physical evaluation board, pursuant to Title IV, Section 403 of the Career Compensation Act of 1949 (63 Stat. 820). If retired under Section 402(a) of that Act (63 Stat. 816), plaintiff would be entitled to approximately $20,000, subject to computation, in retirement back pay. Section 402(a) of the Act benefits those reservists who, having served on active duty for a period in excess of 30 days, are found by the Secretary concerned to be permanently unfit for continued performance of duties due to physical disability incurred in line of duty and which is equivalent to 30 percent or more in accordance with the standard schedule of rating disabilities in current use by the Veterans Administration.
The essential facts admitted for purposes of the motion can be briefly stated. Plaintiff enlisted in the United States Navy on December 14,1942. He served on active duty until July 13, 1944. On July 14, 1944, he was commissioned as an ensign in the United States Naval Reserve and continued to serve on active duty in that capacity until July 23, 1946. He thereafter retained his commission in the United States Naval Reserve and was recalled to active duty on April 21, 1951. He served on active duty until March 2, 1955, when he was honorably discharged in the grade of lieutenant with severance pay ($6,402.24) by reason of physical disability, as noted above. At the date of his discharge, plaintiff had completed over 12 years’ service for basic pay purposes. He *302 had over 7y2 years of active service within the meaning of Section 412 of the Career Compensation Act of 1940, as amended.
Plaintiff had received a compression fracture of the L-4 vertebra in August 1944 by reason of a crash of an aircraft. Subsequent to that and to his first period of active duty, plaintiff was given a 10-percent disability rating by the Veterans Administration under the standard schedule provided. In 1947 plaintiff waived that disability compensation so that he could join a Reserve naval aviation unit.
Following recall, during September 1951, plaintiff was involved in the crash of an F9F jet aircraft at the Naval Air Station, Miramar, California. His back was reinjured.
Plaintiff was admitted to a United States Navy hospital on September 21, 1954, because of his back disability. A Navy clinical board at that hospital recommended that plaintiff appear before a physical evaluation board (PEB). The recommendation was approved on January 3, 1955.
The plaintiff appeared before a PEB convened in the Fifth Naval District at the United States Naval Hospital, Portsmouth, Virginia, on January 10, 1955. The board recommended finding:
(1) That plaintiff was unfit to perform duties by reason of disability aggravated while entitled to receive basic pay;
(2) a diagnosis of compression fracture of the L-l vertebra, old, No. 8110, strain, lumbar, chronic, No. 8331;
(3) that the disability was the proximate result of performing active duty and not due to intentional misconduct or willful neglect or during an unauthorized absence;
(4) that this disability be considered permanent; and
(5) that the disability be considered—
“* * * to be twenty (20) percent in accordance with the standard schedule of rating disabilities in current use by the Veterans Administration, Code Number 5292 Spine, limitation of motion of, lumbar, in aggravation, —20% * * *.”
The problem in this case is caused by the failure of the PEB to couple the original 10-percent rating which arose out of plaintiff’s 1944 accident, and which he waived in 1947 as aforesaid, with the subsequent 20-percent disability' *303 in aggravation thereof. Had the PEB done so, plaintiff would have achieved the 30-percent disability required for retirement benefits under Section 402(a) of the Career Compensation Act of 1949 instead of having to accept severance pay and an honorable discharge from further active duty under Section 403.
The explanation for the PEB action is doubtless in the fact that in 1951 the Judge Advocate General of the Navy construed Title IV of the Career Compensation Act of 1949 not to be applicable to physical disabilities incurred during a period of active service which terminated prior to October 1, 1949, the effective date of the act. Under date of June 2, 1953, this construction was sent to all physical evaluation boards, the Physical Disability Appeal Board and Physical Review Council for their guidance. Plaintiff appeared before his physical evaluation board in 1955. In 1956 the Judge Advocate General overruled his decision in view of Decision No. B-126506 of May 7, 1956, by the Comptroller General of the United States.
Plaintiff alleges that his claim first accrued on July 31, 1957, because on that date his severance pay equaled the amount he would have been entitled to receive as retirement pay. This argument was made recently to the court in the case of Cisin v. United States, 163 Ct. Cl. 575 (1963), cert. denied, 376 U.S. 962 (1964). The facts in the two cases are similar except that in Gisin there was a factual question of whether the disability which should have been rated was service-incurred while here this element is not even in dispute. The validity of plaintiff’s contention was denied by implication when after argument the court dismissed Cisin’s petition by order dated November 15, 1963, thus holding plaintiff’s action had accrued more than 6 years before his petition was filed and was barred by 28 U.S.C. 2501.
Plaintiff next says that the PEB action was illegal and that plaintiff has a continuing claim. Section 414 of the Career Compensation Act of 1949, supra, vests in the Secretary concerned all ultimate duties and powers incident to determination of fitness for active service, percentage of disability at time of separation from active service, suitability for re *304 entry and entitlement to and payment of disability severance pay. Of course, if the Secretary’s action is illegal for any reason, as if arbitrary and capricious, it can be challenged in court and set aside. But, such challenge must come within the 6 years after the effective date of the final administrative action taken by the first competent authority or the refusal of such authority to act (Hoppock v. United States, 163 Ct. Cl. 87 (1963)).
A Navy physical evaluation board is created under the statutory authority of the Secretary to prescribe regulations for the administration of the responsibilities put upon him by Title IV of the Career Compensation Act (63 Stat. 824; 32 C.F.R. 725.401). The Secretary is the convening authority for a PEB and it makes recommendations to Mm. Aj full and fair hearing is provided for before the PEB and there is the right of the parties to counsel. It is the function of the Physical Review Council to review the proceedings and recommended findings of physical evaluation boards and to forward the same to the Secretary for final action (32 C.P.R. 725.504; 506). There is the right of petition to the Naval Physical Disability Review Board from the PEB or Council recommendations in certain circumstances (32 C.F.R. 725.601).
The pleadings and papers filed do hot show any' action by plaintiff to avail himself of the right to rebut the PEB recommendations nor the date of approval of those recommendations by the Naval Physical Review Council following mandatory review thereof, nor do they show the date of final approval which plaintiff concedes was given by the Secretary and of which he now complains. It is shown that the PEB recommendations were made on January 10, 1955, and plaintiff was discharged on March 2, 1955. The final approval of the PEB recommendations by the Secretary was necessarily on some date between the foregoing. Taking the matter in the light most favorable to plaintiff, his claim arose no later than March 2, 1955 (Braun v. United States, 163 Ct. Cl. 84 (1963)). The petition was filed on July 31, 1963, over 8 years after plaintiff’s claim accrued. It is, therefore, clearly barred by the 6-year statute of limitations (28 U.S.C. 2501; Friedman v. United States, 159 Ct. Cl. 1, 310 *305 F. 2d 381 (1962); Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674 (1962); cert. denied in both cases, 373 U.S. 932 (1963). This rule is now settled. Authorities cited by plaintiff are inapposite. It follows that the court has no jurisdiction over this claim.

 Others in this series are Akol, et al. (Stanford) v. United States, 165 Ct. Cl. 444 (1964), 330 F. 2d 618 ; Akol, et al. (Mandigo) v. United States, 166 Ct. Cl. 182 (1964) ; and Akol, et al. (Black, Executrix, etc.) v. United States, 167 Ct. Cl. 99 (1964).

 This holding does not turn in any way on the fact that in some of these cases the plaintiff may have been misled or misadvised by the Navy. It applies as well to cases in which such a plaintiff received no word at all from the Navy, but nevertheless made an election. See Akol, et al. (Black, Executrix, etc.) v. United States, supra.