Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff, an officer in the Eetired Eeserve, United States Army, seeks retired pay alleging as a basis that he has rendered more than 20 years’ satisfactory Federal service • as that term is defined in Title III of the Army and Air Force Vitalization and Eetirement Equalization Act of 1948, 62 Stat. 1081, 1081. The pertinent parts of the statute, and the periods and nature of the plaintiff’s service in the Army are set out in footnotes [1] and [2].
*247 As will be noted from an examination of tlie military record of plaintiff be bas bad more than 20 years of service if be is allowed credit for double time for that portion of bis service which was rendered in Cuba and the Philippine Islands prior to 1912, or if he is given credit for his service in the Philippine Constabulary from September 24,1904, to June 30, 1916. It is plaintiff’s position that in determining his right to retirement he is entitled to count both of these periods of service. It is defendant’s position that he is not entitled to credit for service in the Philippine Constabulary on the ground that it is not a service in the Army óf the United States, but was more like a policing service in the *248 Philippines. It further asserts that plaintiff is not entitled to receive credit for double time for his foreign service because he is seeking retirement as an officer, while the service was rendered as a private soldier.
The issue, then, is whether or not the credit for double time should be allowed and the question of whether the period of service as captain in the Philippine Constabulary is to be credited.
If neither is to be credited plaintiff is not entitled to retirement benefits, since in that event he would lack two months of having the necessary 20 years’ service. If either is to be credited, he is entitled to retirement pay.
We think that plaintiff is entitled to credit for double time during the period of his active service as an enlisted man serving in Cuba and in the Philippine Islands prior to 1912. The statute seems to be clear that a soldier is to be credited for double time during the period of foreign service if such service was rendered prior to 1912.
It seems to be clear that at that time the Army was having great difficulty in securing enlistments of private soldiers for service in foreign fields, and offered this inducement in order to secure the necessary enlistments.
The defendant, while admitting that plaintiff would be entitled to double credit if he were retiring as a private soldier, asserts that since he later became an officer he is not entitled to credit for double time during the period before he became an officer.
Section 956, Title 10, U. S. C., provides:
In computing length of service for retirement, credit shall be given soldiers for double the time of their actual service in China, Puerto Pico, Cuba, the Philippine Islands, the Island of Guam, Alaska, and Panama, but double credit shall not be given for service rendered subsequent to April 23,1904, in Puerto Pico or the Territory of Hawaii, nor shall credit for double time for foreign service be given to those who enlisted after August 24,1912: Provided, That nothing herein shall be so construed as to forfeit credit for double time accrued prior to August 24,1912.
A simple reading of this paragraph would seem to remove any doubt that plaintiff is entitled to the credit provided the service was rendered prior to August 24, 1912.
*249 According to section 1036 (e) of Title 10, U. S. C., the term “Federal service” is defined as including all active Federal service. This evidently was intended to include all service whether commissioned or enlisted. It will also be noted that the last clause in section 956, Title 10, U. S. C., states that “nothing herein shall be so construed as to forfeit credit for double time accrued prior to August 24, 1912.”
It is inconceivable that the defendant, after inducing soldiers to enlist for foreign service by allowing credit for double time should in the face of these clear provisions refuse to carry out the promise that had been made. The difficulty of inducing soldiers to volunteer for service in the Philippines was increased by reason of the physical conditions which prevailed at that time, the lack of roads, the guerrilla warfare, the excessive rainfall and many other things that made the service at that time less than desirable. Likewise in Cuba malarial and other conditions which existed at the time also handicapped the securing of enlistments. The fact that conditions have greatly changed in both of these areas since that time does not alter the fact that soldiers were induced to enter the service at that time by a promise which we think the defendant should honor.
We hold that plaintiff is entitled to credit for double time for his service in the Army in the Philippines during the year 1904, and for his service in Cuba from 1899 to 1902. To deny plaintiff credit for double time which he had earned in early-day foreign service simply because he had the energy and ambition to earn a commission would be to put a premium on sluggishness and a penalty on thrift. We do not believe the wording of a somewhat complicated series of statutes justifies any such interpretation.
The plaintiff retired on November 27, 1951, being at that time more than 60 years of age. He applied to The Adjutant General of the Army for retirement benefits under the provisions of Title III of the Army and Air Force Vitalization and [Retirement Equalization Act, supra.
Plaintiff’s motion is granted and defendant’s motion is denied.
Plaintiff is entitled to retirement pay as a lieutenant colonel with over 22 years’ service, from April 22, 1949, to the *250 date of judgment, said date being 6 years prior to the filing of plaintiff’s petition.*
Since we hold that plaintiff is entitled to credit for double time for his period of service in the Philippines and in Cuba prior to 1912, it is not necessary for us to determine whether or not he should be given credit for his period of service in the Philippine Constabulary.
Plaintiff is entitled to recover and judgment will be entered accordingly. The amount of recovery will be determined pursuant to Eule 38 (c).
It is so ordered.
Madden, Judge/ Whitaker, Judge/ and Littleton, Judge, concur.

 Section 302 of Title III provides In part as follows : (a) Any person who, upon attaining or having attained the age of 60 years, has performed satisfactory Federal service as defined In this section In the status of a commissioned officer, warrant officer, flight officer, or enlisted person in the Army of the united States or the Air Force of the united States, including the respective reserve components thereof, * * * and has completed an aggregate of 20 or more years of such satisfactory service In any or all of the aforesaid services, shall, upon application therefor, be granted retired pay : Provided, That for the purposes of this section the last eight years of qualifying service for retirement under this title must have been service as a member of a reserve component * * *
*****
(c) Each year of service as a member of a reserve component prior to the enactment of this Act shall be deemed to be a year of satisfactory Federal service for the purposes of this section » * *.
Section 306 of Title III provides in part:
For the purposes of this title—
(a) The term “Federal service” shall be deemed to include all active Federal service and all service in a reserve component other than active Federal service, or both * * *
(b) Satisfactory Federal service or Federal service satisfactorily performed, as used in this title in referring to Federal service herein mentioned, shall be deemed to mean that the person concerned shall have conformed to such standards and qualifications as may have been required of him.
(c) Service in a reserve component, as used in this title, shall consist of service in the following organizations, and shall be deemed to be Federal service for the purposes of this title—
*****
(5) the Officers’ Reserve Corps and the Enlisted Reserve Corps prior to the enactment of Public Law 460, 80th Congress, approved March 25, 1948 * * *.
(d) The term “active Federal service” shall include * * * any other period of time when ordered to active duty under competent Federal orders.
*****
Public Law 490, 70th Congress, 45 Stat. 720, section 951a of Title 10 U. S. C., provides: * * * In determining * * * rights of retirement in the case of officers of the Regular Army, active duty performed as an officer of the Philippine Constabulary shall be credited to the same extent as service under a Regular Army commission or other active duty recognized under the *247 provisions of Section 127a of tlie National Defense Act of June 3, 1916, as amended by the Act of June 4, 1920.
Section 956 of Title 10, TJ. S. C. provides :
In computing length of service for retirement, credit shall be given soldiers for double the time of their actual service in China, Puerto Rico, Cuba, the Philippine Islands, the Island of Guam, Alaska, and Panama, but double credit shall not be given for service rendered subsequent to April 23, 1904, in Puerto Rico or the Territory of Hawaii, nor shall credit for double time for foreign service be given to those who enlisted after August 24, 1912: Provided, That nothing herein shall be so construed as to forfeit credit for double time accrued prior to August 24, 1912.

 The pertinent part of a statement by John A. Klein, Major General, TJSA, The Adjutant General, reads as follows:
Further (Paragraph 2 and 3) that the records show Orlo Cahill Whitaker enrolled in the Michigan Volunteer Infantry, 20 June 1898; mustered into Federal service 25 July 1898; mustered out of Federal service as Regimental Sergeant Major, 31 March 1899; enlisted in the Regular Army, 11 May 1899; honorably discharged as Sergeant, 10 May 1902 ; enlisted in the Regular Army, 9 June 1902; honorably discharged as First Sergeant, 20 September 1904. He accepted appointment as Major, Cavalry, Officers’ Reserve Corps, 5 May 1917; appointed Captain, Cavalry, National Army, 15 August 1917, accepted 15 August 1917, vacating commission as Major, Cavalry, Officers’ Reserve Corps: appointed Major, Field Artillery, National Army, 31 December 1917, accepted 9 March 1918; appointed Lieutenant Colonel, Field Artillery, united States Army, 17 September 1918, accepted 17 September 1918; honorably discharged from commission as Lieutenant Colonel, Field Artillery, United States Army, 8 March 1919, by reason of demobilization. He was appointed Lieutenant Colonel, Field Artillery, Officers’ Reserve Corps, 11 July 1922, accepted 15 July 1922; transferred to Cavalry 19 September 1922; reappointed 11 July 1927, accepted 11 July 1927; reappointed 11 July 1932, accepted 11 July 1932; discharged from commission as Lieutenant Colonel, Cavalry, Officers’ Reserve Corps, 9 June 1934; placed on the Officers’ Honorary Retired List in the grade of Lieutenant Colonel, 9 July 1952; and is now a Lieutenant Colonel, Retired Reserve. He had the following periods of active service: enlisted, from 25 July 1898 to 31 March 1899 ; 11 May 1899 to 10 May 1902; and from 9 June 1902 to 20 September 1904; commissioned, from 5 May 1917 to 8 March 1919; 8 July 1923 to 23 July 1923; 6 July 1924 to 20 July 1924; 8 August 1926 to 22 August 1926 ; 2 August 1927 to 15 August 1927 ; 5 August 1928 to 18 August 1928; 27 July 1930 to 9 August 1930; and from 9 August 1931 to 22 August 1931, which includes Foreign seryice in Cuba from 5 June 1899 to 19 April 1902 and in the Philippine Islands from 26 January 1904 to 20 September 1904; honorably relieved from all tours of active service.

 Opinion amended by order dated April 2, 1956.