Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff, an officer in the Eetired Eeserve, seeks to recover judgment for the difference between his retired pay as it would be computed pursuant to the provisions of § 202, title II, of the Army and Air Force Yitalization Act of 1948,[1] and that being paid him under the provisions of title III of that Act.[2] An examination of the record shows that plaintiff has accumulated more than the 20 years of active Federal service required by title II of the Act if he is entitled to credit for double time for his enlisted service in the Philippine Islands during the period from November 1, 1908, to May 5,1912, pursuant to the provisions of the Act of May 26, 1900, as amended, 10 U.S.C. § 956 (1952).
Plaintiff, a citizen of the United States, served as an enlisted man in the Illinois National Guard from April 7,1907, through September 7, 1908. On September 8 of that year, he enlisted in the United States Marine Corps and served therein through September 7,1912. During this enlistment he served in the Philippine Islands from November 1, 1908, until May 5, 1912, a total of 3 years, 6 months and 5 days. On August 29, 1918, he enlisted in the United States Army, and was commissioned, on November 30 of that year, as a second lieutenant in the Infantry, Officers Eeserve Corps. *70 From September 16, 1933, until August 4,1939, be served on active duty only during various training periods. On June 30, 1942, however, he was called to active duty in the grade of major and remained on duty until released to inactive duty as a surplus officer on October 14, 1947, in the grade of lieutenant colonel, Army of the United States. On November 3,1947, he enlisted in the United States Air Force as a staff sergeant, and was subsequently promoted to master sergeant.
On January 18, 1949, while so serving, plaintiff applied for retirement under the provisions of the Act of October 6, 1945, 59 Stat. 539, as amended, 10 U.S.C. § 948 (1952) (retirement of enlisted personnel). Upon receipt of this application, the Promotions and Separations Division of the Air Force solicited informal advice from the office of the Judge Advocate General, USAF, whether double time under 10 U.S.C. § 956 as an enlisted man could be credited for retirement as an officer under section 202 of the 1948 Act. That office responded that such service was considered so creditable, thus the Air Force returned plaintiff’s initial application, suggesting that he reapply for retirement as an officer under the provisions of section 202, title II. On May 31, 1949, plaintiff submitted such an application. The request was duly approved, plaintiff was discharged as an enlisted man on July 30, 1949, and the next day orders were issued retiring the plaintiff under the provisions of title II.
On May 26, 1950, however, the Promotions and Separations Division was advised that the General Accounting Office had noted an exception to the full payment of plaintiff’s retired pay; that the records showed that plaintiff had accrued only 17 years, 5 months and 12 days of active Federal service (excluding his credit for double time). On June 26, 1950, the Promotions and Separations Division requested the Judge Advocate to make an official ruling. That office responded, in part, as follows:
1. An officer is not entitled to credit for double time served as an enlisted man for the purpose of computing length of service for retirement, even though, under title II, P. L. 810, an officer may count actual enlisted service toward retirement (Bull. JAG 1912-40, Supp. 1, *71 p. 8; 29 Comp. Gen. 220) consequently, it must be concluded tbat Carver was not entitled to “retirement” as a Reserve Officer under section 202 of the mentioned act, on 31 July, 1949.
The Judge Advocate’s office also gave the opinion that plaintiff was eligible for retired pay under title III of the 1948 Act, and suggested that plaintiff’s retired orders be amended, and his pay record adjusted accordingly, provided that the Comptroller General concurred. By letter dated August 1,1951, plaintiff was advised that his application for retirement under title II would be considered as an application for retirement under title III, and that his pay would be reduced accordingly. Plaintiff’s total service for retirement and basic pay purposes was in excess of 30 years. His active Federal service, for present purpose, including double-time credit, exceeded 20 years.
Subsequently, plaintiff was notified by letter dated September 4,1959, that his retired pay was to be further reduced by reason that his active duty as a master sergeant in the Air Force in 1948 and 1949 was not considered to be creditable service within the meaning of title III of the 1948 Act, inasmuch as he had attained the age of 60 years on July 2, 1947. It was upon receipt of this second notice of reduction in pay that plaintiff took steps to obtain relief.
Plaintiff contends that in determining his right to retirement under the 1948 Act, he should be permitted to credit double time for his service in the Philippines prior to 1912. It is defendant’s position that plaintiff may not take such credit because such credit is reserved by law for enlisted men while plaintiff seeks to retire as an officer. If defendant’s position is correct, plaintiff will not have the required service for retirement under section 202 of the 1948 Act. The issue, then, is narrow: whether double credit for Philippine service prior to 1912, as provided for in the Act of May 26, 1900, as amended, 10' U.S.C. § 956 (1952) may be applied as “active Federal service” for the determination of retirement eligibility under section 202 of title II of the Act of 1948, 10 U.S.C. § 943a (1952). We believe that it may, thus we need not, and do not reach plaintiff’s second contention that his active enlisted service subsequent to June 29, *72 1948 (the effective date of the Act of 1948) should be construed as creditable service for retired pay under title III, notwithstanding the fact that plaintiff had reached the age of 60 on July 2,1947.
The Act relied on by plaintiff, § 956 of title 10, U.S.C., provides as follows:
In computing length of service for retirement, credit shall be given soldiers for double the time of their actual service in China, Puerto Eico, Cuba, the Philippine Islands, the Island of Guam, Alaska, and Panama, but double credit shall not be given for service rendered subsequent to April 28,1904, in Puerto Eico or the Territory of Hawaii, nor shall credit for double time for foreign service be given to those who enlisted after August 24, 1912: Provided, That nothing herein shall be so construed as to forfeit credit for double time accrued prior to August 24,1912.
This provision of the law was previously considered by this court in the case of Whitaker v. United States, 134 Ct. Cl. 245. In Whitaker, as in the instant case, the claimant had served time prior to 1912 as an enlisted man in the Philippines. In that case, as in this, plaintiff eventually retired as an officer under the 1948 Act. Defendant, however, took the position in Whitaker that the Congress intended to restrict the crediting of double time for foreign service to cases of enlisted retirements only. To support this position, defendant relies on the fact that the statute used the word “soldiers” when speaking of retirement credits, and that “soldiers” clearly means enlisted men.
Defendant calls our attention to several statutes[3] which, in general, use the word “soldier” in contexts which apply only to enlisted men and their retirement. These statutes, however, support defendant’s position only to the extent that they demonstrate a legislative intent only to give credit for enlisted service, as opposed to commissioned service, prior to 1912. It does not follow that if one does serve as an enlisted man during the required period, and later becomes an of- *73 fleer, that be must relinquish the credit which had attached to him by reason of his prior service. It is our view that while the Congress, in enacting § 956, did not specifically provide that soldiers who later became officers should be included, the language is all inclusive and should, in the circumstances, be construed to preserve the rights of those in this category. We think that this is the import of the proviso to that section.
In dealing with this question in Whitaker, supra, the court swept away all technical objections to give effect to the only logical pattern that section 956 could be said to have established. In Whitaker, this court said:
It is inconceivable that the defendant, after inducing soldiers to enlist for foreign service by allowing credit for double time should in the face of these clear provisions refuse to carry out the promise that had been made. [134 Ct. Cl. 245, 249.]
and
To deny plaintiff credit for double time which he had earned in early-day foreign service simply because he had the energy and ambition to earn a commission would be to put a premium on sluggishness and a penalty on thrift. We do not believe the wording of a somewhat complicated series of statutes justifies any such interpretation. [134 Ct. Cl. 245, 248.]
But defendant presses upon us a distinction, which, it claims, prevents this court from applying these principles to the instant case. It is defendant’s position that title III of the 1948 Act provided limited retirement for any member of a Eeserve component who qualified thereunder, whether ah officer or an enlisted man; thus Whitaker, a title III case, cannot control the construction of title II of that Act which relates only to the retirement of Regular Army and Reserve officers. We do not consider this distinction to be legally significant in this case. Basic to defendant’s argument is the fact that title III does not require the holding of any specific status, such as officer or enlisted man,, in order to qualify for retirement thereunder. But this basic fact is irrelevant when it is remembered that Whitaker was in fact an officer when he retired. When Whitaker’s final status is given its proper emphasis, defendant’s position is reduced *74 to a claim that Whitaker, though an officer when he retired, might utilize the double credit authorized by section 956 because he retired under a title of the 1948 Act which also authorizes the retirement of enlisted men, while Carver may not claim that credit because he retired under a section restricted to officers. The inconsistency of such a position is apparent, and we reject it. If the term “Federal service” means all active Federal service in title III, Whitaker v. United States, 134 Ct. Cl. 245, 249, then it must also mean the same in title II. If the service of an enlisted man in the Philippines can be applied to the retirement of an officer retiring under title III, then there can be no logical basis upon which to refuse that same credit to an officer retiring under title II who only claims credit for active service, provided that he otherwise qualifies thereunder.
By memoranda submitted by the parties to the action, upon oral argument, the subject of the statute of limitations was drawn to this court’s attention. Suffice it to say that the case before us falls into the category of so-called “continuing claims” where payments are made periodically, and each successive failure to make payment gives rise to a new claim upon which suit can be brought.[4]
This case is one in which no administrative agency or board has been set up to decide the claim, thus it does not fall within that category of cases where administrative action is a condition precedent. See, e.g., Lipp v. United States, 157 Ct. Cl. 197, 301 F. 2d 674, cert. denied, 373 U.S. 932.
Plaintiff’s motion is granted and defendant’s motion is denied.
Plaintiff is entitled to retirement pay as a lieutenant colonel with over 20 years’ service from November 30, 1953, *75 such, date being 6 years prior to the filing of plaintiff’s petition, to the date of judgment.
Plaintiff is entitled to recover and judgment is entered accordingly. The amount of recovery will be determined pursuant to Rule 38 (c).
Defendant’s counterclaim is dismissed.
Davis, Judge; Durfee, Judge; and Whitakee, Judge, concur.

 62 Stat. 1084, 10 U.S.C. § 943a (1952), which reads as follows:
“Any officer on the active list of the Regular Army, the Regular Air Force, or Philippine Scouts or any officer of the reserve components of the Army of the united States or of the Air Force of the united States who shall have completed not less than twenty or more than thirty years’ active- Federal service in the armed forces of the united States, at least ten years of which shall have been active commissioned service, may in the discretion of the Secretary of the Army or the Secretary of the Air Force, as the case may be, be retired upon his own application.”

 Section 302(a) reads, in pertinent part:
“Any person who, upon attaining or having attained the age of sixty years, has performed satisfactory Federal service as defined in this section in the status of a commissioned officer, warrant officer, flight officer, or enlisted person in the Army of the united States or the Air Force of the United States, including the respective reserve components thereof * * *, and has completed an aggregate of twenty or more years of such satisfactory service * * * shall, upon application therefor, be granted retired pay * *

 The Act of September 30, 1890, 26 Stat. 504 (30-year retirement for enlisted men) ; Act of October 6, 1945, 59 Stat. 539 (20-year retirement for enlisted men) ; Career Compensation Act of 1949, 63 Stat. 880. In addition to these statutes, defendant, in the instant case, cites to Rev. Stat. § § 1243, 1244 (1875) and to all the amendments of the Act of May 26, 1900.

 See e.g., Odell v. United States, 134 Ct. Cl. 634, 637:
“* * * cases come before this court in which an employee of the Government has a right specifically defined by statute, the establishment of which requires no determination by any board or agency, as, for instance, the right to compensation. This right to compensation continues so long as the employment continues. Ordinarily it is payable monthly, and may run over a period of many years. The employee may neglect to assert his right for a long period of time, and for the first time assert it after the lapse of six years from the time the first payment under the statute was due him. In such a case we have held that the plaintiff is entitled to recover all payments that accrued under the statute within six years.”
See, also, Levadi v. United States, 137 Ct. Cl. 97, 100, cert. denied, 353 U.S. 917.